220 U.S. 178 (1911)
ELIOT
v.
FREEMAN.
MAINE BAPTIST MISSIONARY CONVENTION
v.
COTTING.
Nos. 448, 496.
Supreme Court of United States.
Argued January 19, 1911.
Decided March 13, 1911.
APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.
Mr. Moorfield Storey, with whom Mr. Richard W. Hale and Mr. Frank W. Grinnell were on the brief, for appellant in No. 448.
Mr. Charles H. Tyler, Mr. Owen D. Young, Mr. Burton E. Eames and Mr. Clement F. Robinson for appellants in No. 496.
The Solicitor General, with whom Mr. Henry E. Colton, Special Assistant to the Attorney General, was on the brief, for the United States, by leave of the Court.
*183 MR. JUSTICE DAY delivered the opinion of the court.
These cases present facts differing from those involved *184 in the consideration of the corporation tax cases just decided. Flint v. Stone Tracy Co., ante, p. 107.
In No. 448 the question is raised as to the right to lay a tax under this statute upon a certain trust formed for the purpose of purchasing, improving, holding and selling lands and buildings in Boston, known as The Cushing Real Estate Trust. By the terms of the trust the property was conveyed to certain trustees, who executed a trust agreement whereby the management of the property was vested in the trustees, who had absolute control and authority over the same, with right to sell for cash or credit, at public or private sale, and with full power to manage the property as they deemed best for the interest of the shareholders. The shareholders are to be paid dividends from time to time from the net income or net proceeds of the property, and twenty years after the termination of lives in being the property to be sold and the proceeds of the sale to be divided among the parties interested. The trustees were to issue 4,800 shares to the owners of the property at $100 each, the owners to receive a number of shares equal to the value of the interest conveyed to the trustees. The shares were transferable on the books of the trustees, and on surrender of the certificate and the transfer thereof in writing a new certificate is to issue to the transferee. No shareholder had any legal title or interest in the property and no right to call for the partition thereof during the continuance of the trust. The legal representatives of a shareholder are to succeed to the interest of a shareholder, the interest passing by operation of law. Provision is made for the termination of the trust by an instrument or instruments in writing, signed by not less than three-fourths of the value of stock held by shareholders. Meetings of the shareholders are held at their discretion, or whenever requested in writing by five shareholders, or by shareholders owning not less than one-tenth of the shares in value.
*185 The trust has a building, leasing it to a single tenant. It also maintains and operates an office building with elevator service, janitor service, etc.
Case No. 496 involves what is known as a Department Store Trust. It was created by deed and formed for the purpose of purchasing and holding certain parcels of land in the city of Boston, and erecting a building thereon suitable for a department store. The land and buildings are leased to one tenant for a period of thirty years. The trust had transferable certificates issued to shareholders at the par value of $100 each. The trustees conduct the affairs of the trust, manage the property, and pay dividends when declared. The shareholders meet annually, and a majority of them have the power to elect and depose trustees and to alter and amend the terms of the trust agreement. This trust also continues for certain lives in being and for twenty years thereafter. Each of the trusts involved in these cases is in receipt of a net income exceeding $5,000.
Under the terms of the Corporation Tax Law, corporations and joint stock associations must be such as are "now or hereafter organized under the laws of the United States or of any State or Territory of the United States or under the acts of Congress applicable to Alaska or the District of Columbia."
The pertinent question in this connection is: Are these trusts organized under the laws of the State? As we have construed the Corporation Tax Law in the previous cases, Flint v. Stone Tracy Co., ante, the tax is imposed upon doing business in a corporate or quasi-corporate capacity, that is, with the facility or advantage of corporate organization.
It was the purpose of the act to treat corporations and joint stock companies, similarly organized, in the same way, and assess them upon the facility in doing business which is substantially the same in both forms of organization. *186 Joint stock organizations are not infrequently organized under the statute laws of a State, deriving therefrom, in a large measure, the characteristics of a corporation.
The language of the act ". . . now or hereafter organized under the laws of the United States," etc., imports an organization deriving power from statutory enactment. The statute does not say under the law of the United States, or a State, or lawful in the United States or in any State, but is made applicable to such as are organized under the laws of the United States, etc. The description of the corporation or joint stock association as one organized under the laws of a State at once suggests that they are such as are the creation of statutory law, from which they derive their powers and are qualified to carry on their operations.
A trust of the character of those here involved can hardly be said to be organized, within the ordinary meaning of that term; it certainly is not organized under statutory laws as corporations are. The difference between joint stock associations at common law and those organized under statutes is well recognized (Cook on Corporations, § 505):
"There is an essential difference between a joint stock company as it exists at common law and a joint stock company having extensive statutory powers conferred upon it by the State within which it is organized. The latter kind of joint stock company is found in England and in the State of New York. To such an extent have these statutory powers been conferred on joint stock companies that the only substantial difference between them and corporations is that the members are not exempt from liability as partners for the debts of the company."
The two cases now under consideration embrace trusts which do not derive any benefit from and are not organized *187 under the statutory laws of Massachusetts. Joint stock companies of the statutory character are not known to the laws of that Commonwealth. Ricker v. American L. & T. Co., 140 Massachusetts, 346. These trusts do not have perpetual succession, but end with lives in being and twenty years thereafter.
Entertaining the view that it was the intention of Congress to embrace within the corporation tax statute only such corporations and joint stock associations as are organized under some statute, or derive from that source some quality or benefit not existing at the common law, we are of opinion that the real estate trusts involved in these two cases are not within the terms of the act. In that view the decrees in both cases will be reversed and the same remanded to the Circuit Court of the United States for the District of Massachusetts with directions to overrule the demurrers and for further proceedings consistent with this opinion.
Reversed.