CROCKER et al. v. MALLEY, Internal Revenue Collector.

MALLEY, Internal Revenue Collector, v. CROCKER et al.

(Circuit Court of Appeals, First Circuit. May 3, 1918. On Petition for Rehearing, June 10, 1918.)

Nos. 1323, 1324.

1. INTERNAL REVENUE ⬡➞7—INCOME TAX—ASSOCIATIONS.

Under Income Tax Act Oct. 3, 1913, c. 16, § II, G (a), 38 Stat. 172, declaring that the normal tax imposed upon individuals shall be levied, assessed and paid annually upon the entire net income arising or accruing from all sources to every corporation, association, and insurance company, no matter how created or organized, not including partnerships, an association, though not created or organized under any statute but existing under the common law of a state, is subject to taxation, the Income Tax Act applying to individuals and not having its basis in the exercise of corporate franchises, as the Corporation Excise Tax Act Aug. 5, 1909, c. 6, 36 Stat. 11.

2. INTERNAL REVENUE ⬡➞7—INCOME TAX—"ASSOCIATIONS."

Income Tax Act 1913, §§ II, A, subd. 1, and II, G, imposes a tax on the net income of individuals, while section II, B, relating to the computation of the taxes and returns, declares that all persons, corporations, or associations acting in a fiduciary capacity shall make and render a return of the net income of the person for whom they act, subject to the tax, coming into their custody or control or management. Section II, G (a), imposes a tax on the income of corporations, joint-stock companies, and associations. A common-law trust, created in Massachusetts before passage of the Income Tax Act, authorized the trustees to collect the income from the trustees, and to pay over to the beneficiaries such portion of the income receivable as the trustees might in their discretion determine to be fairly distributable net income. The beneficiaries were given no right to compel the trustees to pay over any sum whatever. *Held* that, as the power of the trustees resembles that of directors of a corporation, and as the income cannot be deemed that of the beneficiaries until received by them, the trustees, though not subject to taxation as partners, may be deemed an association, and the income received by them taxable under section II, G.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Association.]

In Error to the District Court of the United States for the District of Massachusetts; George H. Bingham, Judge.

Action by Alvah Crocker and others, trustees, against John F. Malley, Internal Revenue Collector. There was a judgment for plaintiffs for part only of the relief sought, and defendant brings error, and plaintiffs likewise bring error. Plaintiffs' writ of error dismissed, and judgment reversed and remanded, with directions, on defendant's writ of error.

Felix Rackemann, of Boston, Mass. (Harrison M. Davis, of Boston, Mass., on the brief), for trustees.

Francis G. Goodale, Sp. Asst. U. S. Atty., of Boston, Mass. (Thomas J. Boynton, U. S. Atty., of Boston, Mass., on the brief), for collector.

Before DODGE and JOHNSON, Circuit Judges, and ALDRICH, District Judge.

⬡➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DODGE, Circuit Judge. These cases arise under the federal Income Tax Act approved October 3, 1913 (38 Stat. 166, 172).

The five persons who were then the trustees under a declaration of trust dated March 29, 1912, and recorded in the Worcester county, Mass., Northern district, registry of deeds, brought suit, on January 15, 1917, against the collector of internal revenue to recover back certain amounts paid by them to him under protest, as income taxes claimed by him to be due from them under said act, for the years 1913, 1914 and 1915. The case was heard in the District Court without a jury on an agreed statement of facts. The trustees recovered judgment for $9,554.07, with interest, which judgment the collector seeks to reverse in No. 1324, asserting that the allowance of any recovery was error. By their writ of error in No. 1323, the trustees assert the judgment to have been erroneous in not allowing also the further recovery of $1,321.33, included in their total claim as stated in their declaration. Neither party disputes the finding below that all the formalities required by the statute to enable the plaintiffs to bring this suit have been complied with.

The declaration of trust provided that "the title of this trust (fixed for convenience) shall be the Wachuset Realty Trust." The important features of the trust thereby created are set forth as follows, in the "opinion and findings" of the District Court:

"The trust was created under the common law. In its inception there were five trustees and eight beneficiaries, five of whom were trustees. The property of the trust consisted of real estate and shares of stock in a Massachusetts corporation, the legal title to which was vested in the trustees. The real estate was leased to the Massachusetts corporation, and the income of the trust came from the dividends on the stock and the rentals of the real estate. Certificates were issued by the trust to the beneficiaries in proportion to their respective interests in the property held by the trust. The certificates contained a provision signifying the assent of the beneficiaries to the terms of the trust agreement. * * *

"According to the trust agreement, the trust was to continue for 20 years from and after the death of the survivor of certain persons named, when the property was to be converted into money and the net proceeds distributed among the persons then holding and owning the beneficial interests therein. Pending final conversion and distribution of the property, full management and control of the same was vested in the trustees, with as full powers as though they were themselves sole and absolute beneficial owners thereof in fee simple. They were authorized to collect and receive all rents and incomes from the property, and semiannually or oftener to distribute such portion thereof as they, in their discretion, should determine to be fairly distributable as income to the several cestui que trusts, according to their interests. The compensation of the trustees was not to exceed a total of 1 per cent., reckoned upon the gross income received, 'unless, at any time, a majority in interest of the cestuis que trust consent in writing to some larger compensation for any past service.' Any vacancies in the office of trustee were to be filed by the remaining trustees by an instrument in writing, signed by them and assented to in writing by the holder or holders of a majority in amount of the beneficial interests in the trust; and the terms and provisions of the trust could be modified at any time by an instrument in writing, signed, sealed, and acknowledged 'by the then trustees, assented to in writing by a majority in interest of the cestuis que trust.' It was also stipulated that the cestuis que trust should 'be trust beneficiaries only, without partnership, associate, or any other relation whatever inter sese.' "

The District Court has stated the question upon which the trustees' right of recovery depends, as follows:

"The principal question in the case is whether the plaintiffs are trustees and subject to the tax provisions of section II, subdivision D, of the act of October 3, 1913, or whether they are an assocation within section II, subdivision G (a), of said act. The contention of the defendant is that the plaintiffs are an association and taxable under the provisions of subdivision G, while that of the plaintiffs is that they are a strict trust, not an association or partnership, and are subject to the tax provisions of subdivision D."

This question was resolved by the District Court in favor of the plaintiffs, and the case decided upon the ground that they are a trust and not an association.

Under the corporation excise tax statute of 1909 (36 Stat. 11, 112), every corporation, joint-stock company, or association, organized for profit and having a capital stock represented by shares, now or hereafter organized under the laws of the United States, or of any state or territory, etc., was made subject, if engaged in business in any state, etc., to pay annually a special excise tax with respect to the carrying on or doing of business by it, of 1 per cent. upon its entire net income over and above $5,000 received by it from all sources during the year.

In Eliot v. Freeman, 220 U. S. 178, 31 Sup. Ct. 360, 55 L. Ed. 424, it was held with regard to two Massachusetts real estate trusts, more or less similar in character to the trusts here under consideration, that they were not within the provisions of the act, nor liable to the excise tax thereby imposed, because formed in a state where statutory joint-stock companies are unknown, and not therefore deriving, either from the laws of the United States or of any state or territory, etc., any quality or benefit not existing at the common law. The intention of Congress was held to have been to embrace within the statute only such corporations and joint-stock associations as were organized under some statute, or did derive from that source some quality or benefit not existing at the common law.

[1] This decision was in 1911. The language of the subsequently enacted income tax statute of 1913 imposes the normal tax therein provided for upon the entire net income of every corporation, joint-stock company, or association organized in the United States, no matter how created or organized.

If, therefore, the Wachuset Realty Trust is a joint-stock company or association, within the meaning of those terms as used in section II, G (a), of the statute of 1913, it makes no difference whether it is created or organized under any statute or not. Being organized in the United States, its income is liable to the tax imposed, although it derives no benefit not existing at common law from any statutory source. The question remains, however, whether or not the facts before the District Court required the finding that it was a "joint-stock association" or "association," such as the above section intends. We find no indication in Eliot v. Freeman, or in any other Supreme Court decision, that a Massachusetts trust like those before the court in that case must necessarily be regarded as such an "association" in the statutory sense. On the collector's behalf it is said that in the legislation of 1913 Con-

gress "intentionally omitted the one requirement which exempted such an organization" under the legislation of 1909. But we think it by no means clear, from anything said in the opinion, that either trust before the court in Eliot v. Freeman must have been held an "association" in the statutory sense, had it only been organized under some statute expressly permitting such organization. In the opinion it is expressly said, as to the trusts then under consideration, that they could "hardly be said to be organized, within the ordinary meaning of that term" (220 U. S. 186, at page 187, 31 Sup. Ct. 361, 55 L. Ed. 424), and it was pointed out that they did not have perpetual succession, but ended 20 years after lives in being—suggestions which would hardly have been made if the decision was meant to be understood as contended.

[2] With regard to the statute of 1909 it is to be noticed that, while corporations, joint-stock companies, or associations, and insurance companies, were therein classed together as they are in the statute of 1913, the former statute, unlike the latter, imposed upon them, not a tax upon their incomes as such, but a "special excise tax with respect to the carrying on or doing business by them," equivalent to 1 per cent. upon their net incomes in excess of $5,000. Upon partnerships, not capable of being included in said classification, the statute of 1909 did not undertake to impose any such tax, any more than upon individuals. The incomes of the partners from the business of an ordinary partnership Congress could not have taxed in 1909; the Sixteenth Amendment not having become a part of the Constitution until February 25, 1913.

The statute of 1913, however, imposes a tax directly upon net incomes, not a special excise tax equivalent to the same percentage. It imposes such tax directly upon the incomes of individuals and partnerships, as well as those of corporations, joint-stock companies, or associations, and insurance companies, according to provisions alike in principle as to all said incomes, however different as to matters such as the different amounts of exemptions or deductions allowed different classes of recipients. The provisions of section II, G (a), which subject the incomes of corporations, joint-stock companies, or associations, and insurance companies, to the tax, are there expressly declared not applicable to partnerships. In section II, D, are found separate and distinct provisions which expressly direct that persons carrying on business in partnership shall be liable for income tax only in their individual capacities, and which regulate accordingly the returns of incomes required to be made by partnerships.

No provisions are found in the statute of 1913 which directly impose a tax upon incomes arising or accruing to fiduciaries, in terms corresponding to those whereby a tax is imposed upon incomes arising or accruing to individuals (section II, A, 1), or to corporations, joint-stock companies, or associations, etc. (section II, G, a). By section II, D, in a paragraph mainly devoted to setting forth requirements of annual returns from or on behalf of the various classes of recipients of taxable income, trustees, among other specified kinds of fiduciaries, "and all persons, corporations or associations acting in any fiduciary capacity," are required to make such returns of—

"the net income of the person for whom they act, subject to this tax, coming into their custody or control and management, and be subject to all the provisions of this section which apply to individuals."

The provisions just referred to seem to be rather provisions for the assessment and collection of the taxes due from the different classes of recipients of incomes elsewhere directly taxed by the statute, than provisions creating still another class of recipients and imposing a tax upon incomes arising or accruing to them. Nowhere in the statute are incomes arising or accruing to fiduciaries declared subject as such to the provisions taxing incomes arising or accruing to individuals.

In view of the above features of the statute, the first question presented in determining its application to these trustees seems to be as follows: Is the income received by them during each calendar year from the property under their control to be considered income arising or accruing to the "persons for whom they act," or as income arising or accruing to them, notwithstanding that it is to be disposed of by them as the trust declaration requires? If it is to be regarded as income of the former description, i. e., as arising or accruing to the respective beneficiaries, the above provisions of section II, D, require an annual return of it from them, and they are liable to pay the tax imposed upon it by a clause in the same paragraph subjecting them to all the provisions of the section applicable to individuals; but under subsequent provisions of section II, D, they need not include in their returns so much of said income as is derived from dividends upon the stock forming part of the property under their control. But if said income is to be considered as "arising or accruing" to them, rather than to the beneficiaries or certificate holders, none of the above provisions of section II, A, or of section II, D, seem to us applicable either to said income or to them. Though arising or accruing to them as trustees or title holders of the property from which it is derived, they do not, and could not, claim such income as their own, in any individual capacity; and if they do not receive it as income subject to the tax, because it has arisen or accrued to the several beneficiaries, it must be either income arising or accruing to them collectively as the receiving officers of their organization, and subject to the tax imposed by section II, G (a), upon incomes of the different class there dealt with, from which dividends may not be deducted, or income upon which no tax is imposed by any express and distinct provisions of the statute.

In order to make income from a trust estate received by the fiduciary in any calendar year, income of the person for whom he acts, subject to the tax, in the sense of the above provisions of section II, D, it must be received by the fiduciary upon terms which make it income arising or accruing during that year to such person according to section II, A (1). If the terms of the trust are such that its receipt by the fiduciary immediately renders it, or so much of it as is net income, available as such to the beneficiary, no difficulty is found in regarding it as income of the person for whom the fiduciary acts, subject to the tax, coming into his custody or control and management, and therefore governed by said provisions of section II, D.

But by the terms of the trust here in question the receipt by the trus-

tees during a given calendar year of income from the trust estate does not render any part of such income immediately so available to the beneficiaries as income arising or accruing to them during the year Such receipt gives to no one of them any right to a share of what the trustees so receive as then belonging to him individually, or any right to direct the disposition of any such share according to his individual determination.

The plaintiffs were not required by the trust declaration under which they received the income from the trust estate for the calendar years here in question to distribute it, or any part of it, to the beneficiaries, as net income, at any time. The requirements as to distribution are only that they distribute such portion of the income received "as they may in their discretion determine to be fairly distributable net income." And they are given full authority from time to time to devote any funds on hand, whether received as capital or income, to repair, improvement, protection, or development of the property under their control, or to the acquisition of other property, as they "may determine to be wise and expedient for the protection and development of the trust property as a whole pending" its conversion and distribution." Further, their determination is expressly made final, if made by them in good faith, as to all questions as between capital and income.

No beneficiary of this trust, therefore, had the right, when the income for a given calendar year from the trust property came into the plaintiffs' hands, to demand any share of it, or direct the disposition of any of it, or even to have his individual share of it determined. To the plaintiffs, and not to their beneficiaries, belonged the right to say whether any of it should then go to the beneficiaries, or whether all of it should become part of the trust property ultimately to be distributed. In such final distribution no one who was a beneficiary during the calendar year might live to share. While the value of his proportionate interest in the trust estate might be increased if income for the year went to augment said estate, his proportionate share in income so disposed of can hardly be called income arising or accruing to him as an individual during the year, in the ordinary sense. We think it may well be doubted whether income, received by the plaintiffs subject to such independent power of disposition, or any part thereof, is income within the meaning of the language in section II, D, "the net income of the person for whom they act, subject to this tax, coming into their custody or control and management."

The plaintiffs' powers and functions as defined by the instrument under which they act resemble the powers and functions ordinarily exercised by the managers of an organization so constituted as to be of itself a recipient of taxable income independently of the individuals beneficially interested in the property from which it is derived, much more than they resemble the powers and functions of ordinary fiduciaries acting merely as such for ordinary beneficiaries. Particularly is this true as to income received from their trust estate. Until and unless, after its receipt, they have so exercised their discretion as to determine it, or some part of it, to be fairly distributable net income, no individual for whom they act can claim any part of it as his in-

come, as distinguished from the income of the organization to which he belongs. The same is true of a corporation's income, in which stockholders can claim no individual right before the managers declare a dividend from it. The same would be true of a corporation, joint-stock company, or association which had given to its officers powers of disposition over its income like the above. The same would not be true in the ordinary cases of fiduciaries exercising, with regard to income, only the powers necessary for distributing net income as received to the persons for whom they act, such as we think were contemplated by the above provisions of section II, D.

It is true, as the agreed statement before us shows, that the plaintiffs "have disbursed such income" as they have from time to time received from the real estate and stock which they hold, "less charges and disbursements for taxes and similar expenses, to their several beneficiaries in proportion to their respective interests." This we understand to mean that they have distributed so much of the income received by them during the calendar years here in question as they determined, in their discretion, to be fairly distributable net income, according to clause 3 of the declaration of trust. But in said distributions the respective beneficiaries can hardly be said to have got what they received because it had arisen or accrued to each of them during the year, or the plaintiffs to have been performing only the duty of paying over net incomes so arising or accruing. Each beneficiary took what he received, not because it was his net income so arising or accruing, but because the plaintiffs had elected to treat what they distributed as "fairly distributable net income," instead of accumulating it as they might have done.

The District Court, as its opinion states, held the plaintiffs to be "a trust," subject to the provisions of section II, D, and not "an association," in deference to the decisions in Williams v. Milton, 215 Mass. 1, 102 N. E. 355, Crocker v. Crocker, previously decided in the District Court (May 23, 1914), and the authorities whereupon those decisions were based. Crocker v. Crocker required construction by the court of the same trust declaration as is now before us. The bill in that case, filed by one of the beneficiaries, asked the court to enjoin the present plaintiffs from making a return of income taxable under this statute according to section II, G(a), thereof.

We agree with the District Court, in this case and in Crocker v. Crocker, that the organization formed under this trust declaration is not, in view of the authorities referred to, to be regarded as an association in such sense as to make the beneficiaries partners and the plaintiffs their agents for conducting the partnership business. Its income, therefore, for the calendar years in question, is not for the purpose of the statute to be treated as income of a partnership. If it were to be so treated, it would be income arising or accruing to the several partners, and subject to the provisions of section II, D, regarding such income. Nor could the organization be regarded as belonging to either of the classes mentioned in section II, G(a), because the language there used expressly excludes partnerships.

But although their beneficiaries stood, neither as to the trust prop-

erty, nor as to the profits of its control and management, nor. as to the income therefrom, as partners, but only as beneficiaries of a strict trust, and although the plaintiffs were not the agents or representatives of a partnership, but trustees, in whose management and control of the trust property and business the beneficiaries had no direct voice, we do not think it necessarily follows that the organization composed of themselves and the individuals for whose benefit they act cannot be called an "association" for the purposes of section II, G(a). Though not associated as partners, we fail to see why they may not reasonably be said to be associated in the sense contemplated by the statute. As pointed out above, the statute, for the purposes of the taxation which it imposes, broadly distinguishes between two classes of income only —that which does and that which does not arise or accrue to individuals as opposed to groups or bodies of individuals.

The plaintiffs fail to satisfy us that the term "voluntary association," or "association," is entirely inapplicable for any purpose to an organization according to whose constitution individuals, beneficially interested in various proportions in the same property, commit its control and management, for profit, to trustees free from their own immediate control or interference. However important it may be to distinguish between a trust under which there is no partnership relation among the beneficiaries, and an association under which such relation exists, for the purposes of systems of taxation such as that of Massachusetts (Williams v. Milton, 215 Mass. 1, 102 N. E. 355), or for the purposes of statutes such as that construed in Smith v. Anderson, 50 L. J. Ch. 39, it does not seem to us that the distinction so made necessarily excludes an organization like this from the general class of organizations to which the terms "voluntary association" or "association" may properly be applied. The holders of the assignable certificates representing the different beneficial interests in this "trust" may certainly be described, without using language in any extraordinary or unusual sense, as associated together for their common benefit or profit. Their individual interests in the trust property are combined for the purposes of a joint business venture managed for the common benefit of all. The trust declaration in effect associates them for the purposes of allowing extra compensation to the trustees, of filling vacancies in the office of trustee, or of modifying the terms of the declaration itself, when it requires for those purposes written assent from a "majority in amount" or a "majority in interest."

Believing, in view of the entire scheme for taxation of incomes as established by this statute, that the legislative intent as to incomes such as these plaintiffs have received was to treat them as arising or accruing to the trustees collectively, rather than to the individual beneficiaries for whose ultimate benefit they were received, we are obliged to hold that the taxes for the years here in question were lawfully assessed and collected, and that the District Court erred in its decision to the contrary. This conclusion renders it unnecessary to consider the questions which would have had to be decided upon the plaintiffs' writ of error No. 1323, had we agreed with the District Court.

In No. 1323, the writ of error is dismissed, and the defendant in error recovers his costs of appeal.

In No. 1324, the judgment of the District Court is reversed, and the case is remanded to that court, with directions to enter judgment for the defendant, and the plaintiff in error recovers his costs of appeal.

## On Petition for Rehearing.

PER CURIAM. The petitioners assert that our opinion herein, dated May 3, 1918, adopts a "theory of construction" of the Income Tax Act of 1913 "which * * * means that millions of dollars have been assessed as income taxes and collected unlawfully," while "immense amounts of income would have entirely escaped taxation" under it.

The theory said to have been adopted is:

"That only two classes of income are taxable, viz.: (a) Individual incomes to which ascertained individuals are absolutely and unconditionally entitled; and (b) the incomes of some forms of organization or associations, corporate or not."

Various supposed kinds of trusts are suggested, the incomes whereof, according to the petitioners, would be excluded under the act from taxability, by the above theory. We might, in many of these instances, agree with the petitioners that in the supposed case no "association" theory could be adopted; but this would depend upon all the facts as shown in each case.

We pointed out in our opinion what seemed to us the broad distinction made in the act; i. e., between incomes arising or accruing to individuals, and incomes arising or accruing to groups or bodies of individuals. We have also said, with regard to the income shown to have been received by the petitioners under the circumstances of this case, that, not being claimed to have arisen or accrued to them as individuals, unless it was either taxable under section II G, a, of the act, or was taxable as income arising or accruing to the individual beneficiaries of their trust, it would be "income upon which no tax was imposed by any express and distinct provisions of the statute." We are unable to believe that this necessarily means an adoption of the theory asserted in the petition.

It may be assumed to be contrary to the general intent of the act that any income not expressly exempted by it should escape taxation. Nothing in our opinion necessarily requires the conclusion that no given income could, under any circumstances, be held taxable under the act, unless brought directly within some express and distinct provision therein found. Further than to hold the income here in question not to have arisen or accrued to the beneficiaries of the petitioners' trust as individuals, we have not undertaken to determine or limit the meaning capable of being given to the term "individuals."

The greater part of what is urged in the petition relates to various Treasury regulations and rulings by the Treasury Department, made and enforced under the authority of the act, and therefore claimed to manifest its intent. To none of these was any reference made in the petitioners' brief submitted at the argument. We find nothing

in them necessarily at variance with what has been determined by our decision.

No judge concurring in the judgment entered desiring a rehearing, the petition must be denied.