# ELIOT *v.* FREEMAN.

# MAINE BAPTIST MISSIONARY CONVENTION *v.* COTTING.

## APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

Nos. 448, 496.　Argued January 19, 1911.—Decided March 13, 1911.

It was the intention of Congress to embrace within the corporation tax provisions of the Tariff Act of August 5, 1909, c. 6, 36 Stat. 11, 112, only such corporations and joint stock associations as are organized under some statute, or derive from that source some quality or benefit not existing at the common law.

A trust formed in a State, where statutory joint stock companies are unknown, for the purpose of purchasing, improving, holding and selling land, and which does not have perpetual succession but ends with lives in being and twenty years thereafter, is not within the provisions of the Corporation Tax Law.

THE facts, which involve the construction of the Corporation Tax Law, are stated in the opinion.

*Mr. Moorfield Storey,* with whom *Mr. Richard W. Hale* and *Mr. Frank W. Grinnell* were on the brief, for appellant in No. 448:

The respondent trustees are not taxable under the act as they are not "carrying on or doing business."

The ownership of real estate protected by the Constitution is a practical right. The property may be owned and managed in the same way by one individual, by partners, by a testamentary trustee or trustees, or by a trustee or trustees under a trust *inter vivos,* as in this case. In any case the owner is "busy" about his ownership in the colloquial sense, but in no legal sense is he "engaged in

business." *Smith* v. *Anderson,* L. R.. 15 Ch. D. 247, 276. A direct tax and an excise tax differ in their essence, and this difference is not obliterated by misnaming either. However broad a meaning may be given to the phrase "excise tax" it does not include a direct tax. *Thomas* v. *United States,* 192 U. S. 363, 370; *Patten* v. *Brady,* 184 U. S. 617, 618; *Scholey* v. *Rew,* 23 Wall. 348; *Galveston Ry. Co.* v. *Texas,* 210 U. S. 217. The real estate trust in this case is not a joint stock company nor is it a joint stock association.. *Smith* v. *Anderson,* L. R. 15 Ch. D. 247, 275.

By the act, it is not enough to create a liability to the tax that the beneficial interest in the property is owned in shares, but it is necessary that there be a joint stock company or association with a capital stock represented by shares.

The form of organization to be taxed is described in the act. The trust was not "organized for profit."

The purpose of the trust under consideration is the management of two parcels of land for the benefit of the owners. A company organized for such purposes would not be a company organized for profit. *Reg.* v. *Whitmarsh,* 15 Q. B. 600, 618; *Boar* v. *Bromley,* 18 Q. B. 271, 276, 277; *Moore* v. *Rawlins,* 6 C. B. (N. S.) 289, 315, 323; *Smith* v. *Anderson,* L. R. 15 Ch. Div. 247, 273 *et seq.*

The defendants have not "a capital stock represented by shares" within the meaning of the act. Corey on Accounts (London, 1839), 90, 91. There is no capital stock "represented by shares." See 28 Op. A. G. 194 (Feb. 14, 1910). Under Massachusetts law the respondents are merely trustees. *Mayo* v. *Moritz,* 151 Massachusetts, 481, and see *Howe* v. *Morse,* 174 Massachusetts, 491, 502; *Phillips* v. *Blatchford,* 137 Massachusetts, 510. Mere transferability of shares under a private contract is an immaterial fact. *Gleason* v. *McKay,* 134 Massachusetts, 419; *Opinion of the Justices,* 196 Massachusetts, 603

(1908). The defendants are not an association organized under the laws of any State or country. *Swift* v. *Tyson*, 16 Pet. 1, 18; *B. & O. R. R. Co.* v. *Baugh*, 149 U. S. 369, 371.

The expression "organized under the laws of" plainly refers to an organization under some statute law authorizing such organization. *Taft* v. *Ward*, 106 Massachusetts, 518, 522; *Edwards* v. *Warren Gasoline Works*, 168 Massachusetts, 564; *Oliver* v. *Liverpool &c. Co.*, 100 Massachusetts, 531; *S. C.* 10 Wall. 566; *People* v. *Wemple,* 117 N. Y. 136; *Gregg* v. *Sanford et al.*, 65 Fed. Rep. 151.

A statute will not be construed so as to violate the Constitution "unless its language imperatively demands it." *Knights Templars' Indemnity Co.* v. *Jarman*, 187 U. S. 197, 205; *United States* v. *Del. & Hudson Co.*, 213 U. S. 366, 407.

If the act is construed as imposing a tax on the income of the respondents in this case it is unconstitutional, for a tax on the income is a tax on the land, and therefore a direct tax, which must be levied according to the rule of apportionment. *Pollock* v. *Farmers' L. & T. Co.*, 157 U. S. 429; *S. C.*, 158 U. S. 601; *Knowlton* v. *Moore*, 178 U. S. 82. This limitation on the power of Congress cannot be evaded by the act under which this case arises.

But even if the tax is treated as an excise tax it cannot be sustained, for it lacks uniformity throughout the United States, *United States* v. *Singer*, 15 Wall. 111, 121, which is of the very essence of constitutional law. *Kitty Roup's Case*, 81½ Pa. St. 211; Cooley's Const. Lim., 695, 697, and Cooley, J., in *People* v. *Salem*, 20 Michigan, 452, 473; *Portland Bank* v. *Apthorp*, 12 Massachusetts, 252; *Southern Ry. Co.* v. *Greene*, 216 U. S. 400, 417; *Gulf, Colorado & Santa Fe Ry. Co.* v. *Ellis*, 165 U. S. 150, 155, 165; *District of Columbia* v. *Brooke*, 214 U. S. 138; *Chicago &c. R. R. Co.* v. *Westly*, 178 Fed. Rep. 619, 624. The tax

cannot be sustained as an excise tax without infringing the restrictions of the Constitution.

The whole act is unconstitutional because it invades the sovereignty of the States.

*Mr. Charles H. Tyler, Mr. Owen D. Young, Mr. Burton E. Eames* and *Mr. Clement F. Robinson* for appellants in No. 496:

The statute should be strictly limited to objects clearly within its terms. Sutherland on Stat. Const., 2d ed., §§ 536, 537; Cooley on Taxation, 453 *et seq.; United States* v. *Wigglesworth,* 2 Story, 369; *Benziger* v. *United States,* 192 U. S. 38; *Sewall* v. *Jones,* 9 Pick. 412; *Spreckels Sugar Refining Co.* v. *McClain,* 113 Fed. Rep. 247.

The statute is inapplicable because its terms do not include appellant. The Department Store Trust is not a "corporation." Mass. Acts of 1903, c. 437, § 7, as amended by acts of 1906, c. 286. It is not a "joint stock company or association organized under the laws," etc. *Brinckerhof* v. *Bostwick,* 99 N. Y. 185; *State* v. *Sioux City &c. R. R. Co.,* 43 Minnesota, 17; *Dodge* v. *Williams,* 46 Wisconsin, 70; *Hinds* v. *Marmolejo,* 60 California, 229, 231; *Daggs* v. *Phœnix National Bank,* 53 Pac. Rep. 201; *Lindsey & Phelps Co.* v. *Mullen,* 176 U. S. 126; *Lycoming Fire Ins. Co.* v. *Wright,* 60 Vermont, 515. *State* v. *Dyer,* 67 Vermont, 690, distinguished.

Statutory joint stock companies are not known in Massachusetts. *Ricker* v. *Am. Loan & Trust Co.,* 140 Massachusetts, 346; *Phillips* v. *Blatchford,* 137 Massachusetts, 510; see as to other States, Pennsylvania, act of June 2, 1874; Virginia, act of March 2, 1875.

No tax is laid upon these trusts in Massachusetts except the ordinary tax upon the property. This property is taxed to the trustees like the property of any other trust. The beneficiaries have a purely equitable interest in the property and no tax is laid upon their interest. *Hussey* v.

*Arnold,* 185 Massachusetts, 202; *Kinney* v. *Stevens,* Mass. Sup. Jud. Ct., Jany. 4, 1911. *Liverpool &c. Co.* v. *Oliver,* 100 Massachusetts, 531; *S. C.* 10 Wall. 566, distinguished.

The only reasonable interpretation of the act excludes real estate trusts. The appellant has no "capital stock represented by shares." In Massachusetts the holder of shares (so called) in a real estate trust has merely an equitable interest in the property which is held by the trustees. *Hussey* v. *Arnold, Kinney* v. *Stevens, supra.* This trust is not "carrying on or doing business." *Parker Mills* v. *Tax Commissioners,* 23 N. Y. 242; *In re, Ala. & Chatt. R. R. Co.,* 9 Blatchf. 390.

There is real distinction between "business" on the one hand and "investment" on the other; and the term "business" can no more include "investment" than the term "activity" can include "inactivity." If interpreted so as to include real estate trusts the act would be unconstitutional.

There was no appearance or brief filed for appellee in either case.

*The Solicitor General,* with whom *Mr. Henry E. Colton,* Special Assistant to the Attorney General, was on the brief, for the United States, by leave of the Court:

The corporation tax applies to joint stock companies and associations organized under the common law of the respective States.

The act of Congress uses the word "laws" and not "statutes." Had it intended the lesser scope of the latter word it is a fair presumption that it would have used that word. The common law is just as much as the statutes a part of the laws of a State, and the statutes are often nothing more than declarations of the common law. *Van Ness* v. *Hyatt,* 13 Pet. 293, 298; *Morsell* v. *First National Bank,* 91 U. S. 356, 359; *Bucher* v. *Ches. R. R.*

*Co.*, 125 U. S. 555, 583; *Phelps* v. *S. S. City of Panama*, 1 Wash. Ter. 518, 523; *Insurance Co.* v. *Wright*, 60 Vermont, 515, 517.

Besides, joint stock companies organized "under the laws of any foreign country" are also made subject to the tax. Congress did not intend to tax foreign joint stock companies if organized under the statutory law of a foreign country, but not to tax them if organized under its customary laws.

The conclusion to be drawn from the use of the word "every" and from the meaning of the words "joint stock company," "organized," and "laws" is that the express language of the section subjects joint stock companies, though organized under the common law of a State or Territory, to the tax.

The Cushing Real Estate Trust and the Department Store Trust are common-law joint stock companies. *Kossakowski* v. *People*, 177 Illinois, 563, 568; 1 Bates on Partnership, § 72; *Tabor* v. *Breck*, 192 Massachusetts, 355, 361; *Howe* v. *Morse*, 174 Massachusetts, 491, 499.

Joint stock companies are frequently, if not usually, formed under deeds of settlement and declarations of trust. *Liverpool Ins. Co.* v. *Massachusetts*, 10 Wall. 566, 568, and *Tabor* v. *Breck*, 192 Massachusetts, 355, 361. The certificates of shares of each appellant has a par value of $100. It is personalty, even though all the company's capital is invested in real estate. *Pittsburg Wagon Works' Estate*, 204 Pa. St. 432.

The Cushing Real Estate Trust and the Department Store Trust are both in fact and within the meaning of § 38 engaged in business. *Wall & H. St. T. Co.* v. *Miller*, 181 N. Y. 328, 334.

MR. JUSTICE DAY delivered the opinion of the court.

These cases present facts differing from those involved

in the consideration of the corporation tax cases just decided. *Flint* v. *Stone Tracy Co., ante*, p. 107.

In No. 448 the question is raised as to the right to lay a tax under this statute upon a certain trust formed for the purpose of purchasing, improving, holding and selling lands and buildings in Boston, known as The Cushing Real Estate Trust. By the terms of the trust the property was conveyed to certain trustees, who executed a trust agreement whereby the management of the property was vested in the trustees, who had absolute control and authority over the same, with right to sell for cash or credit, at public or private sale, and with full power to manage the property as they deemed best for the interest of the shareholders. The shareholders are to be paid dividends from time to time from the net income or net proceeds of the property, and twenty years after the termination of lives in being the property to be sold and the proceeds of the sale to be divided among the parties interested. The trustees were to issue 4,800 shares to the owners of the property at $100 each, the owners to receive a number of shares equal to the value of the interest conveyed to the trustees. The shares were transferable on the books of the trustees, and on surrender of the certificate and the transfer thereof in writing a new certificate is to issue to the transferee. No shareholder had any legal title or interest in the property and no right to call for the partition thereof during the continuance of the trust. The legal representatives of a shareholder are to succeed to the interest of a shareholder, the interest passing by operation of law. Provision is made for the termination of the trust by an instrument or instruments in writing, signed by not less than three-fourths of the value of stock held by shareholders. Meetings of the shareholders are held at their discretion, or whenever requested in writing by five shareholders, or by shareholders owning not less than one-tenth of the shares in value.

The trust has a building, leasing it to a single tenant. It also maintains and operates an office building with elevator service, janitor service, etc.

Case No. 496 involves what is known as a Department Store Trust. It was created by deed and formed for the purpose of purchasing and holding certain parcels of land in the city of Boston, and erecting a building thereon suitable for a department store. The land and buildings are leased to one tenant for a period of thirty years. The trust had transferable certificates issued to shareholders at the par value of $100 each. The trustees conduct the affairs of the trust, manage the property, and pay dividends when declared. The shareholders meet annually, and a majority of them have the power to elect and depose trustees and to alter and amend the terms of the trust agreement. This trust also continues for certain lives in being and for twenty years thereafter. Each of the trusts involved in these cases is in receipt of a net income exceeding $5,000.

Under the terms of the Corporation Tax Law, corporations and joint stock associations must be such as are "now or hereafter organized under the laws of the United States or of any State or Territory of the United States or under the acts of Congress applicable to Alaska or the District of Columbia."

The pertinent question in this connection is: Are these trusts organized under the laws of the State? As we have construed the Corporation Tax Law in the previous cases, *Flint* v. *Stone Tracy Co.*, *ante*, the tax is imposed upon doing business in a corporate or quasi-corporate capacity, that is, with the facility or advantage of corporate organization.

It was the purpose of the act to treat corporations and joint stock companies, similarly organized, in the same way, and assess them upon the facility in doing business which is substantially the same in both forms of organiza-

tion. Joint stock organizations are not infrequently organized under the statute laws of a State, deriving therefrom, in a large measure, the characteristics of a corporation.

The language of the act ". . . now or hereafter organized under the laws of the United States," etc., imports an organization deriving power from statutory enactment. The statute does not say under the law of the United States, or a State, or lawful in the United States or in any State, but is made applicable to such as are organized under the laws of the United States, etc. The description of the corporation or joint stock association as one organized under the laws of a State at once suggests that they are such as are the creation of statutory law, from which they derive their powers and are qualified to carry on their operations.

A trust of the character of those here involved can hardly be said to be organized, within the ordinary meaning of that term; it certainly is not organized under statutory laws as corporations are. The difference between joint stock associations at common law and those organized under statutes is well recognized (Cook on Corporations, § 505):

"There is an essential difference between a joint stock company as it exists at common law and a joint stock company having extensive statutory powers conferred upon it by the State within which it is organized. The latter kind of joint stock company is found in England and in the State of New York. To such an extent have these statutory powers been conferred on joint stock companies that the only substantial difference between them and corporations is that the members are not exempt from liability as partners for the debts of the company."

The two cases now under consideration embrace trusts which do not derive any benefit from and are not or-

ganized under the statutory laws of Massachusetts. Joint stock companies of the statutory character are not known to the laws of that Commonwealth. *Ricker* v. *American L. & T. Co.,* 140 Massachusetts, 346. These trusts do not have perpetual succession, but end with lives in being and twenty years thereafter.

Entertaining the view that it was the intention of Congress to embrace within the corporation tax statute only such corporations and joint stock associations as are organized under some statute, or derive from that source some quality or benefit not existing at the common law, we are of opinion that the real estate trusts involved in these two cases are not within the terms of the act. In that view the decrees in both cases will be reversed and the same remanded to the Circuit Court of the United States for the District of Massachusetts with directions to overrule the demurrers and for further proceedings consistent with this opinion.

*Reversed.*