MALLEY, Collector, v. BOWDITCH et al.

(Circuit Court of Appeals, First Circuit. July 29, 1919.)

No. 1365.

**1. INTERNAL REVENUE ☞19(1)—STAMP TAXES—CERTIFICATES OF STOCK.**

Within War Tax Law Oct. 22, 1914, § 5, Schedule A, imposing a stamp tax of 5 cents on each $100 of face value, or fraction thereof, of certificates of stock issued by any association, company, or corporation, such tax must be paid on certificates of shares issued by a manufacturing company organized in the form of a trust under the common law and deriving none of its rights, benefits, or qualifications from any statute, and which was not an ordinary common-law real estate trust; for, if the word "association" be not broad enough to include the concern, it is included in the expression "company," while the phrase "certificates of stock" discloses no intent to exclude common-law associations or companies, but evidences a legislative purpose to impose a stamp tax on certificates of stock as muniments of title.

**2. INTERNAL REVENUE ☞19(1)—STAMP TAXES—VALIDITY.**

War Tax Law Oct. 22, 1914, § 5, Schedule A, imposing a stamp tax of 5 cents on each $100 of face value, or fraction thereof, of certificates of stock issued by any company, association, or corporation, is not invalid in its application to a manufacturing company organized as a trust at common law, on the theory that it was inapplicable to other associations, for the taxes were merely on the muniments of title, and if other associations do not issue such muniments of title they are therefore not taxable.

In Error to the District Court of the United States for the District of Massachusetts; George H. Bingham, Judge.

Action by Charles P. Bowditch and others, trustees, against John F. Malley, collector. There was a judgment for plaintiffs, and defendant brings error. Reversed and remanded, with directions to enter judgment for defendant.

Francis G. Goodale, Sp. Asst. U. S. Atty., of Boston, Mass. (Thomas J. Boynton, U. S. Atty., of Boston, Mass., on the brief), for plaintiff in error.

Burton E. Eames, of Boston, Mass. (William C. Rice and Tyler, Tucker, Eames & Wright, all of Boston, Mass., on the brief), for defendants in error.

Before JOHNSON, Circuit Judge, and ALDRICH and BROWN, District Judges.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BROWN, District Judge.   [1] We are of the opinion that, on the original issue of the certificates of shares of the Pepperell Manufacturing Company, a manufacturing company organized in the form of a trust under the common law, and deriving none of its rights, qualities or benefits from any statute, there was required by the provisions of section 5, Schedule A, of the War Tax Law, so called, approved October 22, 1914 (38 Stats. pt. 1, pp. 745, 753, 759, c. 331), a stamp tax of 5 cents on each $100 of face value or fraction thereof.

By the agreement and declaration of trust it was provided:

"The capital of this trust shall be seven million six hundred and sixty-eight thousand dollars ($7,668,000), divided for the purpose of issuing certificates into 76,680 shares, of the par value of one hundred dollars ($100) each."

There was thus provided a share capital as a basis for the issue of transferable certificates evidencing a proportional interest therein and carrying with them certain rights while the company is a going concern and in its winding up.

The defendants in error, the trustees, contend that these certificates are not "certificates of stock."

The word "stock," however, is to be interpreted in connection with the accompanying words of the statute, "association, company, or corporation." It is a term not peculiar to corporations, but a term equally applicable to the share capital or fund created by or in accordance with an agreement for the formation of an unincorporated association or company.

The contention of the trustees, that "legislative action is essential to the creation of 'capital stock'" is erroneous.   If there is a distinction between the "capital" and the "capital stock" of corporations, in that the capital stock is fixed by the charter of a corporation, but that the capital used in its business may be either larger or smaller, there may be a like distinction between the joint stock or share capital of a partnership or association, as fixed by the agreement of the partners, and the full amount of its property.   Lindley on Partnership (8th Eng. Ed.) 382 et seq.

In Bankruptcy Act Aug. 19, 1841, c. 9, § 14, 5 Stat. 448, and Act March 2, 1867, c. 176, § 36, 14 Stat. 534, the term "joint stock" was used to describe partnership assets.   Collier on Bankruptcy (11th Ed.) pp. 1550, 1535.   In Berthold et al. v. Goldsmith, 24 How. 541, 16 L. Ed. 762, the term "capital stock" was used in the same sense.

An "association" or "company," equally with a corporation, may have a share capital distinct from its actual capital or property, irrespective of whether it is formed in a state without regulating statutes, or in a state where by statute it is regulated and given some of the characteristics of a corporation.   The present statute, by the use of the terms "association" and "company," covers those formed under the common law as well as those formed under or regulated by statute.

It seems to us clear that the words "certificates of stock" contain no implication of an intent to exclude common-law associations or companies.

A certificate evidencing a transferable share or shares in the share capital of a manufacturing company, whether incorporated, quasi incorporated, or wholly unincorporated, is properly described as a "certificate of stock."

By agreement the certificates in question were issued as evidence of shares of a fixed capital, divided into a fixed number of shares, of the par value of $100 each.

We are called upon to apply a statute imposing stamp taxes on documents of a certain class, and which assumes that these documents may be issued, not only by corporations, but by associations and companies. These may have this in common—a share capital of fixed amount. Whether the share capital is fixed by agreement or under statutory authority seems immaterial, for the tax is not a franchise tax or a corporation tax, but a stamp tax or document tax.

The differences between corporations and unincorporated associations being considered immaterial to the imposition of a stamp tax on documents, the different modes of realizing upon the shares of incorporated or unincorporated companies by the certificate holders must also be regarded as immaterial. Having that feature of resemblance which the statute fixes upon as the test of the imposition of a stamp tax, the difference between these different bodies which are named in the statute has become immaterial to the question before us.

[2] The suggestion of constitutional difficulties in adopting the construction for which the collector contends, and which we think right, does not seem of weight. It involves "no distinction founded upon an immaterial difference between two kinds of partnerships," since the stamp tax is contingent upon the original issue of "certificates of stock," just as a stamp tax on checks is contingent upon the issuing of checks.

A stamp tax on documents discriminates between those who do and those who do not issue documents; and a distinction between unincorporated companies and associations which do and those which do not issue certificates of shares of stock is not unreasonable, nor founded upon an immaterial difference between two kinds of partnerships. Thomas v. United States, 192 U. S. 363, 371, 24 Sup. Ct. 305, 48 L. Ed. 481; Hatch v. Reardon, 204 U. S. 152, 158, 159, 27 Sup. Ct. 188, 51 L. Ed. 415, 9 Ann. Cas. 736.

The Massachusetts cases cited (Gleason v. McKay, 134 Mass. 419; Minot v. Winthrop, 162 Mass. 113, 38 N. E. 512, 26 L. R. A. 259; Opinions of Justices, 196 Mass. 603, 85 N. E. 545) in our opinion do not give rise to any constitutional difficulty. The opinion of Chief Justice Rugg (196 Mass. 619, 620, 85 N. E. 545) tends to support the view that the words "association" and "company" include organizations not regulated by statute, and that a statute including these in an excise tax does not involve a discrimination founded on an immaterial difference.

Nor do we regard it useful to consider whether the right of the certificate holder or shareholder is a chose in action or in the nature of a chose in action, or an equitable interest in property.

The certificate is but a muniment of title—documentary evidence of ownership—and not the share itself.

The thing taxed is not a chose in action, though it may be evidence of it. In a remote sense both a share of corporate stock and a certificate of a share in an unincorporated company may be said to represent an interest in property. It is equally true that both may represent an interest in a share of a capital fixed in amount, whether fixed by statute or by agreement.

In Eliot v. Freeman, 220 U. S. 178, 31 Sup. Ct. 360, 55 L. Ed. 424, construing the Corporation Tax Law (Act Aug. 5, 1909, c. 6, 36 Stat. 11), it was held that the tax was imposed upon doing business in a corporate or quasi corporate capacity. But that case is clearly distinguishable from the present case, since the present statute does not impose a franchise tax, but imposes a stamp tax upon various kinds of documents, which may be issued by companies neither incorporated nor quasi incorporated, "or for or in respect of the vellum, parchment, or paper upon which such instruments, matters, or things, or any of them are written or printed," etc. See section 5, 38 Stat. pt. 1, p. 753.

In interpreting the statute we find no sufficient reason for limiting the terms "association" and "company" to those which derive their powers from legislation.

We have examined, also, the opinion of the Supreme Court in Crocker et al. v. Malley, March 17, 1919, 249 U. S. 223, 39 Sup. Ct. 270, 63 L. Ed. 573, reversing the judgment of this court. In that case the Supreme Court found that—

"The declaration of trust on its face is an ordinary real estate trust of the kind familiar in Massachusetts, unless in the particular that the trustees' receipt provides that the holder has no interest in any specific property and that it purports only to declare the holder entitled to a certain fraction of the net proceeds of the property when converted into cash 'and meantime to income.'"

It was stated, however, in that case:

"The function of the trustees is not to manage the mills, but simply to collect the rents and income of such property as may be in their hands," etc.

Under the present declaration of trust it is provided that the name of the trust shall be Pepperell Manufacturing Company, and the trustees may be so designated, and in that name the trustees shall, so far as practicable, conduct the business of the trust; that the trustees shall employ and use the trust property and assets in the carrying on of the business of manufacturing textile or other fabrics, etc. This is essentially different from an ordinary real estate trust of the kind familiar in Massachusetts. If, under the decision of the Supreme Court, there may be doubt whether the term "association" is applicable, there seems no ground for serious doubt of the applicability of the term "company," used in the statute and made a part of the name and description of those persons who are to conduct the manufacturing business of the organization.

In applying this stamp tax we find no substantial reason for a dis-

tinction between this textile manufacturing company and other textile manufacturing companies.

The judgment of the District Court is reversed, and the case will be remanded to that court, with direction to enter judgment for the defendant, and the plaintiff in error recovers costs in both courts.