## HECHT v. MALLEY.

(District Court, D. Massachusetts.  December 3, 1921.)

No. 1226.

1. **Internal revenue ⬄9—A Massachusetts trust held not subject to tax on capital stock imposed by Revenue Acts of 1916 and 1918.**

   A Massachusetts trust, constituting an arrangement whereby the legal title to property is conveyed to trustees, who execute a declaration of trust to hold and manage it for the benefit of holders of transferable certificates issued by trustees, is not subject to the tax on capital stock imposed by Revenue Act 1916, § 407, providing for payment of tax by "every corporation, joint-stock company, or association * * * having a capital stock represented by shares," and Revenue Act 1918, § 1000 (Comp. St. Ann. Supp. 1919, § 5980n et seq.), providing that, in lieu of such tax imposed by such act of 1916, "every domestic corporation shall pay annually a special excise tax," and section 1 (section 6371¼a) defining the term "corporation" to include associations, stock companies, and insurance companies; such a trust not being an "association" or a "corporation," within the statute, in view of the character of the tax imposed as an excise tax imposed on the privilege of doing business in corporate or quasi corporate form.

2. **Internal revenue ⬄38—Taxpayer's failure to formally protest payment held not to preclude recovery of amount paid, in view of previous protest to payment of similar tax.**

   Failure to formally protest payment of tax on capital stock imposed by Revenue Acts of 1916 and 1918 *held* not to preclude recovery of amount paid, where taxpayer had formally protested previous payments during the year of the same kind of tax, and tax collector knew that the taxpayer objected to the tax; such payment not having been voluntarily made.

At Law.  Action by Louis Hecht, Jr., against John F. Malley. Judgment for plaintiff.

Dunbar, Nutter & McClennen, of Boston, Mass., for plaintiff.

The United States Attorney and Alonzo H. Garcelon, Sp. Asst. U. S. Atty., of Boston, Mass., for defendant.

MORTON, District Judge.  This case raises the question whether Massachusetts trusts are subject to the tax on capital stock imposed by the acts of 1916 and 1918.  There is no controversy as to the facts; they are as shown by the plaintiff's testimony.

A Massachusetts trust is a peculiar form of business organization common in this state, which has frequently been considered in different aspects in the United States Supreme Court and in the Massachusetts Supreme Judicial Court.[1]  In outline, it is an arrangement whereby property is conveyed to trustees, who execute a declaration of trust to hold and manage it for the benefit of such persons as from

[1] Eliot v. Freeman, 220 U. S. 178, 31 Sup. Ct. 360, 55 L. Ed. 424; Crocker v. Malley, 249 U. S. 223, 39 Sup. Ct. 270, 63 L. Ed. 573, 2 A. L. R. 1601; Malley v. Bowditch (1st Cir.) 259 Fed. 809, 170 C. C. A. 609, 7 A. L. R. 608; Williams v. Milton, 215 Mass. 1, 102 N. E. 355; Dana v. Treasurer, 227 Mass. 563, 116 N. E. 941; Gleason v. McKay, 134 Mass. 419; Frost v. Thompson, 219 Mass. 360, 106 N. E. 1009.

time to time shall own certificates, which are issued by the trustees and are transferable, much like stock in a corporation. The legal title to the property is in the trustees and they are the active managers of the business. The details of the organization are prescribed in the declaration of trust and differ greatly in different trusts, especially with reference to the rights of the certificate holders. Sometimes these are little, if any, greater than those of cestuis que trust under a will, the entire management and control of the enterprise being vested in the trustees. At the other extreme are organizations in which the certificate holders meet annually, elect the trustees annually, and have power to direct the trustees, as well as to remove them. The Massachusetts decisions classify these trusts as being either "strict trusts," or partnerships; the former class comprising those in which the certificate holders have substantially the same rights as cestuis under the usual testamentary trust, while in the latter the parties interested are regarded as partners who have intrusted the management of the enterprise to the trustees. In neither class does the organization derive any powers from statute, and in neither do the Massachusetts courts recognize any entity apart from the persons of the trustees, or of the certificate holders.

The taxes here in question were levied under the Revenue Acts of 1916 (section 407, title 4, Act Sept. 8, 1916, c. 463, 39 Stat. 789) and 1918 (section 1000 et seq. [Comp. St. Ann. Supp. 1919, § 5980n et seq.]). The act of 1916 (section 407, subd. 1) provides that—

"Every corporation, joint-stock company, or association, now or hereafter organized in the United States for profit and having a capital stock represented by shares, and every insurance company, now or hereafter organized under the laws of the United States, or any state or territory of the United States, shall pay annually," etc.

The act of 1918 provides (title 10, § 1000) that—

"In lieu of the tax imposed by the first subdivision of section 407 of the Revenue Act of 1916. * * * Every domestic corporation shall pay annually a special excise tax with respect to carrying on or doing business, equivalent to $1 for each $1,000 of so much of the fair average value of its capital stock * * * as is in excess of $5,000. In estimating the value of capital stock the surplus and undivided profits shall be included."

On the face of this section the Hecht Trust was not within it. The tax was imposed because of the defining section of the act of 1918 (Comp. St. Ann. Supp. 1919, § 6371¼a), which provides:

"The term 'corporation' includes associations, joint-stock companies, and insurance companies; the term 'domestic' when applied to a corporation or partnership means created or organized in the United States."

The Treasury Department held that the Hecht Real Estate Trust was an "association," and therefore taxable as a corporation. It is not contended by the government that the trust was a "joint-stock company or an insurance company," within the defining section quoted. Under the Treasury Regulations (article 7), some trusts are taxed under this statute, while others are not; trusts, the members of which have all the liability of partners (see Horgan v. Morgan, 233 Mass.

381, 124 N. E. 32), are taxed as corporations, and the members may perhaps also be liable to taxation as partners. The underlying principle on which the distinction is made is whether in each particular case the effect of the arrangement between the trustees and the shareholders was to create an organization distinct from the members who compose it. This was the point of view taken by Jessel, M. R., in Smith v. Anderson, 15 Ch. Div. 247, and ably expressed in his opinion. He was, however, reversed by the Court of Appeals (s. c., 15 Ch. Div. 273).

The tax in question began with the act of 1909 (Act Aug. 5, 1909, c. 6, § 38, 36 Stat. 112), which imposed on "every corporation, joint-stock company, or association, organized for profit and having a capital stock represented by shares, and every insurance company" a tax based on its net income. It was challenged as being an income tax, and as such at that time unconstitutional; but it was sustained, on the ground that it was not an income tax, but an excise tax. Flint v. Stone Tracy Co., 220 U. S. 107, 31 Sup. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312. And it was also held in Eliot v. Freeman, 220 U. S. 178, 31 Sup. Ct. 360, 55 L. Ed. 424, that Massachusetts trusts were not subject to it; i. e., that they were neither joint-stock companies nor associations within its meaning. The tax of 1909 was in substance continued in the act of 1916. But as that statute imposed a general income tax on corporations it was recast and was based on capital stock. The tax imposed by the act of 1916 is by express language continued by the act of 1918, and the provisions of the former act are, with some modifications, retained in the later one.

Decisions under the earlier acts are obviously of much importance in determining the meaning and scope of this one. Eliot v. Freeman, 220 U. S. 178, 31 Sup. Ct. 360, 55 L. Ed. 424, establishes that the act of 1909 imposed an excise tax on the privilege of doing business in corporate or "quasi corporate" (220 U. S. 151, 31 Sup. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312) form—i. e., in forms not recognized by common law which possess special advantages conferred by statute—and that Massachusetts trusts are not such organizations. In Crocker v. Malley, 249 U. S. 223, 39 Sup. Ct. 270, 63 L. Ed. 573, 2 A. L. R. 1601, such a trust was held not to be an "association," the income of which was taxable under Income Tax Act Oct. 3, 1913, c. 16, 38 Stat. 114. The radical differences between a Massachusetts trust and a corporation are pointed out in the opinions in these cases and need not be repeated here.

[1] It is clear, I think, from the background and history of this tax and the decisions which I have referred to, that it is essentially an excise tax imposed on the privilege of doing business in corporate or "quasi corporate" form. The word "association" is to be construed in the light of this general purpose and scope. The use in statutes and contracts of a word of great breadth in conjunction with words of much more limited scope, in such a way as to create doubt as to the meaning of the phrase, is not infrequent; it is usually resolved by restricting the broad word to a meaning in harmony with the general idea conveyed by the other words used in the same connection—

"noscitur a sociis." Both the other kinds of organization mentioned are characterized by important and distinctive powers derived from statutes. "Association" was intended to bring under the tax all business organizations which resemble corporations and joint-stock companies, in that they invoke special statutory powers in their organization. It was probably inserted out of abundant caution, in order that no such organization should escape. It ought not to be so construed as to change the basic character of the tax imposed; and I do not think that the omission of the words "organized," etc., in the current statute, which has been urged in argument for the defendant, was intended to have that effect. The fact is that a Massachusetts trust is fundamentally different from a corporation, and is not within a statute dealing with corporations and similar organizations, unless expressly specified. The persons interested are taxable as partners, if the trust be of that character; otherwise, as trustees and beneficiaries of a "strict" trust.

The statute under consideration in Crocker v. Malley, supra, taxed the income accruing "to every corporation, joint-stock company, or association and every insurance company organized in the United States, no matter how created or organized, not including partnerships." If the words "no matter how created or organized" be regarded as applying to "associations," as the court assumed in its opinion, it is hard to discover any substantial distinction between the scope of that statute and the one here in question as far as "associations" are concerned, and that decision seems to be nearly conclusive of the present case.

The detailed provisions of the statute tend to support this conclusion. They make "capital stock" the basis of assessment. Most corporations and certain kinds of joint-stock companies have a stated capital, so carried on the books and divided into shares. Many Massachusetts trusts have nothing of that sort, being in this respect like a testamentary trust. The trustees are charged with the property which comes into their hands, and the shares represent an aliquot part of it and of the income which it produces. There is no special fund designated as capital stock. The taxes here in question were assessed upon the entire net assets of the trust, and it is contended by the government that "capital stock" should be so interpreted. But in the very next section to that under which the tax is levied the act refers to "invested capital," and taxes foreign corporations on that basis. The distinction between "capital stock" and "invested capital" is there recognized in the act itself. The section also provides that "in estimating the value of capital stock the surplus and undivided profits shall be included," which is only applicable to organizations in which there is a capital fund distinct in bookkeeping from the other assets. Such a fund is required in the accounts of the ordinary corporation and many joint-stock companies; it is not required of a trust, although some of them do carry such an account.

[2] The only other question is whether the tax paid on July 26, 1919, amounting to $1,193 cannot be recovered, because it does not explicitly appear that a formal protest was made at the time of pay-

ment. The plaintiff had made three previous payments that year of the same kind of tax, and in each instance had made a formal protest on the ground that it was not liable to the tax. Whether by oversight the plaintiff failed to file a written protest with his last and largest payment, or whether he did so and the protest and the evidence of it have been lost, is hard to say. It is not necessary to make a finding upon it. There can be no doubt that the collector knew the plaintiff's position on the matter, viz. that he objected to the tax on the ground that the Hecht Trust was not liable to it, and paid only because he felt compelled to do so under the demand made upon him. The Commissioner seems, either to have had before him a formal protest which has been lost, or to have so viewed the matter, for he made no point that the tax had been paid voluntarily and without the necessary protest. I find that this payment was not voluntarily made. See Atchison, etc., Ry. Co. v. O'Connor, 223 U. S. 280, 32 Sup. Ct. 216, 56 L. Ed. 436, Ann. Cas. 1913C, 1050.

Upon all the evidence I make a general finding and ruling that the plaintiff is entitled to recover each of the sums claimed, with interest.

I give such of the requests for rulings and findings as are contained in and are consistent with the foregoing findings of fact and opinion; the others I refuse.

Judgment accordingly.