**John W. Kinross et al., Trustees of American Manufacturing Company, Appellants, v. W. D. Cooper, Appellee.**

### Gen. No. 6,910.

1. Corporations—*constitutionality of Illinois Securities Law.* The Supreme Court has held the Illinois Securities Law (Cahill's Ill. St. ch. 32, ¶¶ 254-296) to be constitutional.

2. Common law—*force and effect in this State.* The common law, until repealed by legislative enactment, is in full force and effect in this State (Cahill's Ill. St. ch. 28, ¶ 1).

3. Trusts—*Illinois Securities Law applicable to business trusts.* A business or trading trust organized under the common law is within section 2 of the Illinois Securities Law (Cahill's Ill. St. ch. 32, ¶ 255), and a sale of shares in such a trust in violation thereof is void and notes given in consideration are unenforceable.

4. Trusts—*immaterial question when shares sold without compliance with Illinois Securities Law.* In an action on promissory notes given for shares in a business or trading trust in which the defense is that the sale was void and the notes unenforceable because the Illinois Securities Law (Cahill's Ill. St. ch. 32, ¶¶ 254-296) had not been complied with, it is immaterial whether the trust is a common-law trust or a partnership, both being governed by the act.

Appeal from the Circuit Court of Peoria county; the Hon.

CHARLES V. MILES, Judge, presiding. Heard in this court at the April term, 1921. Affirmed. Opinion filed February 23, 1922.

WILLIAM J. PECK, for appellants.

HAROLD F. TRAPP, CLARENCE W. HEYL and HARRY C. HEYL, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Appellants, John W. Kinross, John J. Cooper, Sam W. Gassaway and William J. Peck, who claim to be trustees of the American Manufacturing Company, of Peoria, which was alleged to be a joint stock or common-law company, took judgment by confession in the circuit court of Peoria county against appellee, W. D. Cooper, for $1,142.35 upon two promissory notes for $500 each, and execution was issued thereon. Appellee moved to have the judgment vacated with leave to plead, which motion was allowed. Appellee then filed the general issue and six special pleas, all of which were subsequently withdrawn except the sixth and seventh special pleas. A general and special demurrer was filed by appellants to the special pleas and the demurrer was overruled. Appellants elected to stand by the demurrer, whereupon judgment was entered in favor of appellee, and from that judgment this appeal is prosecuted.

The sixth and seventh special pleas set up, in substance, that the American Manufacturing Company and appellee entered into an agreement whereby appellee was to purchase ten shares of the capital of the American Manufacturing Company at the par value of $100 each, and the notes were made, executed and delivered in consideration therefor; that the American Manufacturing Company was not a corporation either domestic or foreign but was an unincorporated association holding itself out as an organization under

the common law in force in the State of Illinois; that it had not qualified its stock, participation certificates, certificates of shares or interest, certificates evidencing shares in trust associations, and its profit-sharing certificates, for sale in Illinois, pursuant to the terms and provisions of the Illinois Securities Law of 1919, and by reason thereof the sale in question was void and the consideration for which the notes were executed wholly failed.

The sole question upon this appeal is whether or not the Illinois Securities Law includes within its scope a declaration of trust or common-law company. If such a company does not come within its provisions, then the demurrer was improperly sustained.

The Illinois Securities Act, Hurd's Rev. St. 1919, page 2672 (Cahill's Ill. St. ch. 32, ¶¶ 254-296), is entitled "An act relating to the sale or other disposition of securities and providing penalties for the violation thereof." Section 2 defines securities under the act to include stocks, bonds, debentures, notes, participating certificates, certificates of shares or interest, pre-organization certificates, subscription certificates evidencing shares in trust estates or associations, and profit sharing certificates. In the same section the word "issuer" as used in the act is defined to include every person and every company, trust, partnership or association incorporated or unincorporated heretofore or hereafter formed for any lawful purpose and organized under the laws of this State or any other foreign State or country which shall issue any security sold or offered for sale to any person or persons in this State. Section 3 divides securities into four classes, A, B, C and D. It seems to be conceded that the stock issued in this case comes under class D. It is admitted that prior to the sale set out in the pleas, the provisions of sections 9 and 10 were not complied with relative to statements and documents to be filed with the Secretary of State. Section 37 provides that

every sale of stock in violation of the provisions of the act and where the act is not complied with shall be void.

The contention of appellants is that a joint stock company or common-law company does not come within the provisions of section 2; that the term "laws of this State" as used in section 2 does not include the common law; that in order to bring the issuer of stock within the act two things are required, first, that the issuer must be formed for a lawful purpose, and second, that it must be organized under the laws of this State or a foreign State or country, and, if it is not so organized, such issuer does not come within the terms of the act. It is also urged that a common-law company is not organized under the laws of this State or any foreign State or country but is based upon a written instrument or contract between the shareholders and the trustees, and the contract creates a trust estate; that the contract or deed of trust in this case was recorded in the recorder's office of Peoria county and therefore became a public document whereby the public is charged with notice of its contents.

In support of this position appellant cites the case of *Eliot v. Freeman,* 220 U. S. 178, which involved a federal corporation tax act which by its terms was to include all corporations "now or hereafter organized under the laws of the United States or of any state or territory in the United States, or under the acts of Congress applicable to Alaska or the District of Columbia." It was there held by the Supreme Court of the United States that the word "laws" means statutes, and that a common-law company was not within the terms of the act. It is insisted that the word "laws" in the Illinois act is used with the limitation placed upon it by the Supreme Court of the United States, and that to give it any other meaning would be a violation of section 10, article 1, of the Federal Constitution, and article 2, section 14, of the Constitution

of Illinois, which prohibit laws impairing the obligation of contract.

There is no question in this case as to the constitutionality of the Illinois securities law. That question was not raised in the trial court and is not raised in this court. Since the briefs and arguments have been filed in this case the Supreme Court, in the case of *Stewart v. Brady,* 300 Ill. 425, has held that this law is constitutional. The only question on this appeal, therefore, is whether the Illinois Securities Act includes common-law companies.

The common law until repealed by legislative enactment is in full force and effect in this State. (Hurd's Rev. St. 1919, ch. 28, sec. 1, page 680, Cahill's Ill. St. ch. 28, ¶ 1.) The laws of this State include the constitution, statutes and rules applied in the administration of justice as construed and applied by the courts of last resort in this State. And to this may be added the common law. In *Hunt v. Chicago & D. Ry. Co.,* 20 Ill. App. 282, the question raised was the construction of the Illinois constitution as to the duties of the Attorney General. The constitution authorizes the Attorney General to perform such duties as may be prescribed by law and defendants urge that the words "prescribed by law" meant that the Attorney General shall perform such duties as shall be prescribed by any law, statutory or otherwise, and on page 289 the court said: "The common law of England, having been expressly adopted in this State, is as much a part of our law, whenever it is applicable, and so far as it has not been changed by statute, as are the statutes themselves; and a duty required of the Attorney General by the rules of the common law is as much a duty 'required of him by law' as though it were imposed by the expressed mandate of the statute."

If the common law is a part of the law of this State, then a corporation organized under the common law would come within the provisions of section 2, notwith-

standing the decision in the *Eliot* case to the contrary. This is a question of construction under the laws of the State of Illinois and it is not a question of construction under the laws of the United States. Section 2 includes every person, company, trust, partnership or association incorporated or unincorporated heretofore or hereafter formed and organized under the laws of this State. The legislature intended under this section to include all organizations either at common law or under a statute.

Appellee contends that appellant company exercised practically all of the functions of a corporation but that under the laws of this State it was in fact a partnership and not a common-law company. In support of this contention they cite *Pilsen Brewing Co. v. Wallace,* 291 Ill. 59, where it was held that a company which is not a corporate body is a partnership composed of the officers and subscribers to the articles of the association. Many other cases are cited in support of this position.

If the American Manufacturing Company was a partnership it would be required to comply with the provisions of the law the same as an individual or a corporation. It makes no difference, so far as the decision of this question is concerned, whether the appellant company was a common-law company or was a partnership, for the reason that in either case it comes within the provisions of the statute. There was no attempt to comply with the law. The sale of the shares was void and for that reason the demurrer was properly overruled to the sixth and seventh pleas.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*