## Gladys Adkins Sims, Defendant in Error, v. American Food Products Company et al., Plaintiffs in Error.

### Gen. No. 30,874.

CORPORATIONS—*application of Securities Act to common-law trusts prior to 1921 Amendment.* Construing section 37 of the Illinois Securities Act of 1919, which makes a seller violating the act liable to the purchaser for the amount paid by the latter, in connection with section 2 of the act, held, particularly in view of the 1921 amendment of section 2, Cahill's St. ch. 32, ¶ 255, p. 647, that the sale of a certificate representing a beneficial interest in a common-law trust is not within the purview of section 37.

Error by defendants to the Municipal Court of Chicago; the Hon. L. P. HARRISS, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Reversed. Opinion filed February 7, 1927.

CLOYES, CLEVELAND & KLINGER, for plaintiff in error Alfred H. McComb.

FRUCHTL & BUSCH, for defendant in error.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The plaintiff brought an action under section 37 of the Illinois Securities Act, in force June 10, 1919. (See Hurd's Revised Statutes of Illinois, 1919, p. 2680.)

That section of the statute provides:

"Every sale and contract of sale made in violation of any of the provisions of this act shall be void and the seller of the securities so sold and each and every solicitor, agent or broker of or for such seller, who shall have knowingly performed any act or in any way furthered such sale, shall be jointly and severally liable, upon tender to the seller or in court of the securities sold, to the purchaser for the amount paid, together with his reasonable attorney's fees in any action brought to recover such amount."

The statement of claim alleged that defendants in the State of Illinois procured from the plaintiff $1,000 for ten shares in the American Food Products Company, none of said defendants having qualified under the Securities Law of Illinois to sell or offer said stock for sale; that plaintiff tendered into court or to the defendants, the shares of stock and sued for attorneys' fees and interest.

An affidavit of merits was filed, and there was a trial by the court without a jury. The issues were found against the defendants and plaintiff's damages assessed for the sum of $1,000. Motions for a new trial and in arrest of judgment were overruled, and there was judgment for that amount.

It seems to be conceded by all the parties that the evidence disclosed that the certificate sold to the plain-

tiff represented an interest in a common-law trust organized for manufacturing purposes, and while other questions are argued, we think the controlling question in the case is whether the sale of a certificate representing a beneficial interest in such a common-law trust comes within the purview of the statute upon which the plaintiff's suit is based.

In the determination of that question, section 2 of the same act must be construed in connection with said section 37.

Section 2 provides:

"The word 'insurer' shall include every person and every company, trust, partnership or association incorporated or unincorporated heretofore or hereafter formed for any lawful purpose *and organized under the laws of this State or any foreign state or country* which shall have issued any security sold or offered for sale to any person or persons in this State."

The Appellate Court for the second district in the case of *Kinross v. Cooper,* 224 Ill. App. 111, has construed these sections of the statute, holding that an unincorporated association holding itself out as an organization under the common law in force in Illinois was subject to the provisions of this law, and the court, in the course of its opinion, states in substance that the Illinois Securities Law includes within its scope a declaration of trust of a common-law company, and that such a company comes within the provisions of that act.

The court there declines to follow the construction placed upon somewhat similar language in a statute of the United States by the Supreme Court of the United States in *Eliot v. Freeman,* 220 U. S. 178. The act there construed was one which provided for the taxation of corporations "now or hereafter organized under the laws of the United States or of any state or territory in the United States, or under the acts of Congress applicable to Alaska or the District of

Columbia." The Supreme Court of the United States held that the word "laws" as there used meant "statutes," and that a common-law company was not subject to the tax provided for by the act.

The Appellate Court for the second district declined to follow this decision and seems to have based its opinion on *Hunt v. Chicago & D. Ry. Co.,* 20 Ill. App. 282, where the court held in substance that under the provisions of the Constitution of 1870, the attorney general of this State was required to perform certain common-law duties, although the same were not expressly prescribed by the statute, holding that a duty required of the attorney general by the rules of the common law was as much of a duty required of him by law, as though it had been imposed by the express mandate of the statute.

We do not regard *Hunt v. Chicago & D. Ry. Co., supra,* as applicable to the facts which appear here. It is of course elementary that the object of the construction of a statute is to find the legislative intent; that the intention must be found in the words which are used, and that all the language of the statute must be construed together and given some meaning, if that can be consistently done.

The phrase in section 2, which we have above italicized, must be given some meaning. If it had been the intention of the legislature to subject every person, partnership, association or company to the provisions of the statute, it would have been wholly unnecessary to have added the provision, "and organized under the laws of this state or any foreign state or country." It is as a matter of fact well known that in most, if not all, of the States statutes do provide the specific way in which certain partnerships, associations or trusts may be organized. The statute itself is highly penal in its nature and therefore must be strictly construed, and, following such a rule of construction, we do not think it can be held that it was the intention of

the legislature to include a trust not organized under any particular statute of any State and brought into existence only by virtue of some provision of the common law.

We are further persuaded that this is the proper construction of the Act of 1919 by the fact that through an amendment to this law passed by the legislature in 1921, section 2 was amended so as to strike out the phrase which we must here construe and by specific language making all trusts, except those created or appointed under, or by virtue of a last will and testament, or by a court of law or equity, or any charitable trust, subject to the provisions of the statute. (See Cahill's St. 1925, ch. 32, ¶ 255, p. 647.) See also *Hecht v. Malley,* 265 U. S. 144, where, construing the language in a United States statute substantially similar, the Supreme Court of the United States again held that trusts not organized under any statute were not subjected to the provisions of the act.

It follows that the judgment of the trial court must be reversed.

*Reversed.*

McSURELY, P. J., and JOHNSTON, J., concur.