## KAEMPFER et al. v. REINECKE, Collector of Internal Revenue.

### No. 37148.

District Court, N. D. Illinois, E. D.
March 21, 1933.

Hyde, Hennings, Thulin, Westbrook & Watson, of Chicago, Ill., for plaintiffs.

George E. Q. Johnson, U. S. Atty., of Chicago, Ill., for defendant.

BARNES, District Judge.

This is a suit by Fred Kaempfer, Fred William Kaempfer, and Harry F. Seeberger, as trustees of the Kaempfer Trust, against Mabel G. Reinecke, collector of internal revenue, for the refund of capital stock taxes for the years 1924, 1925, and 1926, in the sum of $346.56.

The taxes were levied under the Revenue Act of 1924, the pertinent provisions of which read:

"Sec. 700. (a) * * * (1) Every domestic corporation shall pay annually a special excise tax with respect to carrying on or doing business, equivalent to $1 for each $1,-000 of so much of the fair average value of its capital stock for the preceding year ending June 30 as is in excess of $5,000." (43 U. S. Stat. c. 234, p. 325 [26 USCA § 223 note]).

"Sec. 2. (a) * * * When used in this title— * * * (2) The term 'corporation' includes associations, joint-stock companies, and insurance companies." Id. p. 253 (26 USCA § 1262 (a) (2).

The question to be decided in this case is whether or not the Kaempfer Trust was a business association or whether it was a strict trust.

In Hecht v. Malley, 265 U. S. 144, at page 157, 44 S. Ct. 462, 467, 68 L. Ed. 949, the court says:

"The word 'association' appears to be used in the Act in its ordinary meaning. It has been defined as a term 'used throughout the United States to signify a body of persons united without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise.' 1 Abb. Law Dict. 101 (1879); 1 Bouv. Law Dict. (Rawle's 3d Rev.) 269; 3 Am. & Eng. Enc. Law (2d Ed.) 162; and Allen v. Stevens, 33 App. Div. 485, 54 N. Y. S. 8, 23, in which this definition was cited with approval as being in accord with the common understanding. Other definitions are: 'In the United States, as distinguished from a corporation, a body of persons organized, for the prosecution of some purpose, without a charter, but having the general form and mode of procedure of a corporation.' Webst. New Internat. Dict. '(U. S.) An organized but unchartered body analogous to but distinguished from a corporation.' Pract. Stand. Dict. And see Malley v. Bowditch, 259 F. 809, 812, 170 C. C. A. 609, 7 A. L. R. 608; Chicago Title Co. v. Smietanka (D. C.) 275 F. 60; also United Mine Workers v. Coronado Co., 259 U. S. 344, 392, 42 S. Ct. 570, 66 L. Ed. 975, 27 A. L. R. 762, in which unincorporated labor unions were held to be 'associations' within the meaning of the Anti-Trust Law.

"We think that the word 'association' as used in the Act clearly includes 'Massachusetts Trusts' such as those herein involved, having quasi-corporate organizations under which they are engaged in carrying on business enterprises. What other form of 'associations,' if any, it includes, we need not, and do not, determine."

It will be observed that each of the definitions above set forth in the opinion of the Supreme Court includes the idea that the association shall use the methods and forms of incorporated bodies. With these definitions, and particularly with this idea in mind, the court is of the opinion that it cannot be said that the Kaempfer Trust was an "associa-

tion" within the meaning of sections 700 and 2, supra. It did not and does not use the methods and forms of a corporation. The majority of the beneficiaries exercises control over the trustees because they are trustees, and the Kaempfer Trust certainly carries on a business, but the methods and forms of a corporation are not used as a means of exercising control by the beneficiaries over the trustees, or as a means of carrying on the business of the trust.

The plaintiffs contend that the trust was a means used by Fred Kaempfer of distributing his estate to those who would otherwise be his legatees and devisees. It seems to the court, however, that this is only incidentally involved and is not determinative of the case.

The plaintiffs may have judgment. Such findings of fact and conclusions of law as are proper may be presented forthwith to the court, to the end that final orders may be made at the opening of court on Friday, March 24, 1933.