JOHN S. JONES, Respondent, *v.* GEORGE J. GOULD et al., Appellants.

Syndicate agreement — when managers thereunder principals and not agents of subscribers — where management and control are intrusted to single manager the others are responsible for liabilities incurred — action for money expended and for services — when tender not necessary — charge.

1. The terms of a syndicate agreement for the purchase of a railroad and certain lands, which conferred general powers upon three "managers," examined, and *held*, that the relation between the sub-

scribers and the managers was not that of principal and agent, but that the managers themselves became the principals in any contract they might make.

2. In an action against all of the "managers" to recover money alleged to have been expended and for services performed in connection with the enterprise, the evidence tended to show that two of the defendants committed the whole prosecution of the venture to the third and intrusted him with its whole management and control. *Held*, that they became responsible with him for liabilities incurred by him in the prosecution of the work and that a motion to dismiss the complaint as to them was properly denied.

3. The *complaint* alleged that the plaintiff in pursuance of the enterprise had purchased certain lands and conveyed the same to a corporation in exchange for its stock. *Held*, that the cause of action being for moneys laid out and expended for the defendants at their request and for services rendered and not based upon failure to carry out a contract for the purchase and sale of land, nor for specific performance, it was not required that the plaintiff should have made a tender of the lands purchased or of the stock of the corporation, to which these lands had been conveyed, before bringing the action. If the plaintiff had disposed of or incumbered the land acquired so that he could neither convey the same to the defendants nor was able to transfer the stock of the corporation to which he claimed he was directed to transfer the title, that was a breach of the contract on his part which should have been set out as a defense.

4. Various exceptions to the charge examined and held to present no error requiring reversal.

. *Jones* v. *Gould*, 152 App. Div. 881, affirmed.

(Argued October 29, 1913; decided November 18, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 2, 1912, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict.

This action was brought by the plaintiff, respondent, to recover for money alleged to have been expended and labor alleged to have been performed in and in connection with the purchase of about 18,000 acres of coal land in Ohio for or on behalf of the Little Kanawha Syndicate or the defendants, appellants, as managers of said syndicate. In its broad outlines the plaintiff, respondent's, claim is

that in the year 1902 as the legal effect of certain con-
versations between the defendant, appellant, Ramsey and
the plaintiff, respondent, the former, acting for the syn-
dicate, requested the plaintiff, respondent, to purchase for
the syndicate, taking title in the name of a holding cor-
poration, such coal lands or coal properties tributary
to a certain projected railroad of the syndicate as in the
plaintiff, respondent's, judgment it might be desirable for
the syndicate to own and control; that acting under this
authority the plaintiff, respondent, acquired in the name
of the National Hocking Coal Company certain coal
lands; and that having so acquired said coal lands and
duly tendered a conveyance thereof or an assignment of
the stock of the National Hocking Coal Company to the
Little Kanawha Syndicate, and demanded the amounts
of money expended by him in the purchase thereof or
earned in and about the purchase thereof, and payment of
said amounts having been refused, the same is due and
owing to the plaintiff, respondent, and recoverable in the
present action. Further facts are stated in the opinion.

*Allan McCulloh* and *F. C. Nicodemus, Jr.,* for appel-
lants. Construed most favorably to the plaintiff, respond-
ent, the evidence adduced on his behalf in support of the
alleged contract set forth in the complaint shows that in
the dealings had by the plaintiff, respondent, with the
defendant, appellant, Ramsey, the latter contracted, if at
all,. openly and avowedly as the agent of the Little
Kanawha Syndicate, and the principal for which the
defendant, appellant, Ramsey, is asserted to have been
acting thus having been disclosed, neither the defendant,
appellant, Ramsey, nor the defendant, appellant, Gould,
nor the defendant, appellant, Guy, by reason of such
alleged dealings incurred any individual or personal lia-
bility as agent for said Little Kanawha Syndicate unless
such defendant, appellant, or defendants, appellants,
superadded his or their individual or personal liability to

the alleged liability of the Little Kanawha Syndicate; that no evidence was adduced by the plaintiff, respondent, tending to prove or even attempting to prove that any of the defendants, appellants, superadded his individual or personal liability to such liability of the Little Kanawha Syndicate; and that hence none of said defendants, appellants, incurred any personal or individual liability by reason of such alleged dealings between the plaintiff, respondent, and the defendant, appellant, Ramsey, except such, if any, as might be enforceable against him as a subscriber to the agreement forming the syndicate and as a member thereof and as a principal. (*Jones* v. *Gould*, 123 App. Div. 236.) Even though the syndicate agreement be construed as authorizing the syndicate managers to extend the purposes and objects of the syndicate beyond those expressly stated and specified in the syndicate agreement, or to create a contractual obligation directly binding upon the syndicate subscribers, any such action, involving the exercise of personal discretion and judgment, would require the united action and concurrence of all the syndicate managers; hence evidence tending to show an alleged oral contract between the plaintiff, respondent, and the defendant, appellant, Ramsey alone is insufficient to establish an obligation binding upon the Little Kanawha Syndicate. (Story on Agency [9th ed.], 42; Mechem on Agency, § 77; *Green* v. *Miller*, 6 Johns. 39; *Sinclair* v. *Jackson*, 8 Cow. 543; *Perry* v. *Tynan*, 22 Barb. 137; *People* v. *Walker*, 23 Barb. 304; *Gildersleeve* v. *Board of Education*, 17 Abb. Pr. 201; *Hawley* v. *Keeler*, 53 N. Y. 114.) Assuming that the plaintiff, respondent, was a third party and had established a valid and enforceable contract as alleged in his complaint, made with the three syndicate managers acting jointly, it was necessary for the plaintiff, respondent, in order to recover a judgment for the value of the lands purchased under such contract, to tender a conveyance of said lands

or of the capital stock of the National Hocking Coal Company representing title to said lands, and to deposit such conveyance or stock subject to the call of the defendants, appellants, as a condition of taking judgment. No valid tender was made by the plaintiff, respondent, as required by law, and hence the judgment appealed from is abortive. (*Westfall* v. *Peacock*, 63 Barb. 209; *Crary* v. *Smith*, 2 N. Y. 60; *Richards* v. *Edick*, 17 Barb. 260; *Schmalz* v. *Weed*, 27 App. Div. 309; *Bensinger* v. *Ehrhardt*, 74 App. Div. 169; *Kuntz* v. *Schnugg*, 99 App. Div. 191; *Rindge* v. *Baker*, 57 N. Y. 209; *Beckrich* v. *City of No. Tonawanda*, 171 N. Y. 291.) The trial court's charge that the defendants, appellants, in their capacity as syndicate managers constituted a partnership separate and distinct from any partnership as to third parties existing between the syndicate subscribers, and the further charge that if the jury should find that the defendant, appellant, Ramsey employed the plaintiff, respondent, to purchase the coal lands in question for account of the defendants, appellants, as managers of the syndicate, a verdict might be returned against all of the defendants, appellants, presents manifest errors of law, requiring a reversal of the judgment. (*Walker* v. *Bank*, 9 N. Y. 582; *Aspinwall* v. *Torrance*, 1 Lans. 381; 57 N. Y. 381; *Hall* v. *Lauderdale*, 46 N. Y. 70.)

*Edgar T. Brackett, William Burry, Nash Rockwood* and *Charles Haldane* for respondent. Under the terms of the syndicate agreement the three defendants were copartners. (Pollock on Part. [5th ed.] 3; Story on Part. § 2; *Evans* v. *Warner*, 20 App. Div. 230; *Leggett* v. *Hyde*, 58 N. Y. 272; *Admiral Realty Co.* v. *City*, 206 N.Y. 110; *M. B., etc., Co.* v. *Sears*, 45 N. Y. 797; *Karrick* v. *Hannaman*, 168 U. S. 328; *Winter* v. *Pipher*, 96 Iowa, 17; *F. Ins. Co.* v. *Ross*, 29 Ohio St. 429; *McMurtie* v. *Guiler*, 183 Mass. 451; *Van Housen* v. *Copeland*, 180 Ill. 74; *Strader* v. *White*, 2 Neb. 348.) The defendants

being partners under the terms of the agreement, the
acts and agreements of one of them, within the scope of
the partnership business, bound all of them. (*Chester*
v. *Dickerson*, 54 N. Y. 1; *Union Nat. Bank* v. *Under-
hill*, 102 N. Y. 336; *Ramsey* v. *Briggs*, 139 N. Y.
323; *Karrick* v. *Hannaman*, 168 U. S. 328.) The
defendants being partners, and either one of them,
such partners, having power to bind the copartnership in
the prosecution of its business, the defendant Ramsey
being competent to contract with the plaintiff, the evi-
dence not only authorized the verdict and the judgment
entered thereon, it compelled it. (*Matter of Randel*, 158
N. Y. 216; *Gannon* v. *McGuire*, 160 N. Y. 476; *Jerome*
v. *Queens City Cycle Co.*, 163 N. Y. 351; *Fejdowski* v.
*D. & H. Co.*, 168 N. Y. 500; *Perez* v. *Sandrowitz*, 180
N. Y. 397; *Hutchins* v. *P. R. R. Co.*, 181 N. Y. 186;
*Wylde* v. *R. R. Co.*, 14 Abb. Pr. [N. S.] 213; *Dorwin* v.
*Westbrook*, 11 App. Div. 394; 158 N. Y. 742; *Williams*
v. *R. R. Co.*, 81 App. Div. 444; 177 N. Y. 564; *Lacs* v.
*Everard's Breweries*, 107 App. Div. 250; *McCann* v.
*N. Y., etc., R. R. Co.*, 73 App. Div. 305; 172 N. Y. 599;
*Ridgely* v. *Taylor*, 126 App. Div. 303; *Vaughn* v. *Cement
Co.*, 130 App. Div. 893; *Gardner* v. *R. R. Co.*, 136 App.
Div. 934; 198 N. Y. 584.)

*Per Curiam.* We are of opinion that under the syndi-
cate agreement the relation between the subscribers and
the managers (the defendants, appellant) was not that of
principal and agents (though doubtless fiduciary), but
that the managers themselves became the principals in
any contract which they might make. The agreement
recites that it was proposed by the defendants Gould,
Ramsey and Guy to purchase the Little Kanawha rail-
road, a line extending from Parkersburg, West Virginia,
up the Little Kanawha river, to extend the same east-
wardly, to purchase and build a railroad from Parkers-
burg to Zanesville, Ohio, and to purchase coal lands in

West Virginia. The defendants were to do all acts necessary to construct or purchase said properties, and for that purpose " to absolutely control the property so to be constructed or purchased as fully in all respects as if they were the absolute owners thereof." The enumeration of the specific powers was not to be construed as limiting the general powers conferred upon the managers. By the agreement the defendants contracted to purchase the properties on such terms as they thought the best obtainable, and on the other hand, the subscribers agreed with each other and with the defendants to pay the amounts of their respective subscriptions from time to time as called for by the latter, but they were to be liable only to the defendants, and then only to the amount of the subscription.

It was provided that should the defendants in carrying out the agreement sell and dispose of the properties, the net proceeds of such sale should be divided *pro rata* to the subscribers from time to time in the discretion of the syndicate managers. Should such railroad properties not be sold, but be capitalized by the formation of a new company or new companies, and the transfer thereto of such properties, the securities received by the defendants for the same should be distributed *pro rata* to the subscribers or their assigns.

It will thus be seen that at least as to all those cognizant of the terms of the agreement, the defendants were not empowered to bind the subscribers beyond the terms of their respective subscriptions, but it was contemplated that the necessary contracts for the carrying out of the project were to be made by the defendants on their own responsibility. Under the agreement the subscribers had no right, title or interest as such in the properties acquired, but only the right upon the termination or closing out of the syndicate to their respective shares of the securities or moneys received by the managers for the property. Such an agreement did not constitute the parties thereto partners as between themselves

(*Salter* v. *Ham*, 31 N. Y. 321), and the agreement before us expressly provides that nothing therein contained shall "constitute the syndicate subscribers partners with the syndicate managers or with one another." The defendants at least cannot be allowed to deny the efficacy of the agreement in this respect, and, hence, there were no principals for whom the defendants could contract as agents.

The work which the defendants undertook to carry out was not the prosecution of any general business, but was limited to a single enterprise — the acquisition of a particular railroad, its extension, the building of another road, the acquisition of coal properties along the routes of such roads, their sale or transfer to a corporation and the division of the money or securities received therefor among the syndicate subscribers. This was not strictly a partnership, though it had many of the features of such a relation. (*Williams* v. *Gillies*, 75 N. Y. 197.) It was what is now generally known as a joint venture rather than a commercial partnership. The authorities in some of the states hold that in the prosecution of the venture each party has the same full power to bind his associates in any contract in regard to the venture that an ordinary commercial partner would have. We are not now inclined to hold that doctrine in its full integrity, but such a ruling is not necessary to the disposition of the case. Assuming that none of the defendants could be held liable for the action of the others unless with his consent or acquiescence, the evidence in the case tended to show that the defendants Gould and Guy committed the whole prosecution of the venture to the defendant Ramsey, permitting him to negotiate and contract for the purchase of properties acquired for the enterprise, and when the enterprise was finally terminated, committing it to him to dispose of the properties. In short, they intrusted him with the whole management and control of the enterprise. If such authority was conferred on Ramsey by his associates, they became responsible with him

for liabilities incurred by him in the prosecution of the enterprise (*Downey* v. *Finucane,* 205 N. Y. 251), and, indeed, there is little or no evidence in the case tending to contradict the proposition that such authority was conferred on Ramsey. It also appeared that Ramsey in furtherance of the enterprise made contracts for the purchase of coal lands in Ohio along the route of the proposed road to Zanesville and that the expenses incurred in the examination of such lands and the disbursements incident thereto were paid out of the syndicate fund. The plaintiff testified that when he made demand upon defendant Gould for repayment of his advances, the authority of Ramsey was not repudiated, but he was referred to that defendant. For these reasons the separate motions of the defendants Gould and Guy made at the close of the case to have the complaint dismissed as to each of them were properly denied.

Nor do the exceptions taken by the defendants at the close of the charge of the court present any error requiring reversal. The plaintiff made several requests of the court to charge, all of which were granted. All of those presented by the defendants were likewise granted. Thereupon the defendants' counsel excepted to the court's granting and giving to the jury the plaintiff's requests. This general exception pointed out no error and was, therefore, not available.

The defendants also excepted to the charge of the court " with respect to the copartnership of the defendants, and also to the submission to the jury of the question of partnership under the evidence in this case." The only materiality of the question of partnership was as to the authority of Ramsey to bind his co-defendants. That the evidence in the case was sufficient to justify the jury in finding that the other defendants had conferred such authority on Ramsey (if it did not require the court to so charge) we have already said. The exception was, therefore, unavailable. Nor is it saved by the fact that in

the charge the court instructed the jury that the defendants were liable as partners instead of submitting that question to the jury for their determination as a question of fact. Moreover, the exception fails for another reason. The request was made on behalf of all the defendants and the exception taken jointly. Plainly the charge, if erroneous at all, was erroneous only as to the defendants Gould and Guy, not as to the defendant Ramsey. The exception taken was a joint one, and such an exception, if not good as to one, is not available to the others. (*Bosley* v. *Nat. Machine Co.*, 123 N. Y. 550; *Central City Savs. Bank* v. *Walker*, 66 id. 424.) For the same reasons the exception to the charge of the court that the syndicate managers had authority to purchase land in Ohio, if such purchase was or became necessary to carry out the syndicate plans, also fails.

It was not required that the plaintiff should have made a tender of the lands purchased or of the stock of the corporation to which these lands had been conveyed before bringing the action. The cause of action is not based on the failure to carry out a contract for the purchase and sale of land, nor is it one for specific performance but for moneys laid out and expended for the defendants at their request and for services rendered. If the plaintiff had disposed of or incumbered the land acquired so that he could neither convey the same to the defendants nor transfer the stock of the corporation to which he claimed he was directed to transfer the title, that was a breach of the contract on his part which should have been set out as a defense, but was not pleaded. The other points raised by counsel do not require discussion.

The judgment appealed from should be affirmed, with costs.

Cullen, Ch. J., Gray, Willard Bartlett, Hiscock, Chase and Hogan, JJ., concur; Miller, J., not sitting.

Judgment affirmed.