MINES MANAGEMENT COMPANY, Respondent, *v.* FRANK N. B. CLOSE and WALTER S. GIFFORD, Appellants, Impleaded with BENJAMIN P. CHENEY, Defendant.

First Department, January 24, 1919.

Principal and agent — action to hold alleged principal on contract made by a committee as alleged agents — assignment of properties to committee by bondholders and claimants — agreement not making bondholders principals — when committee personally liable on contract for services.

In order for a person to escape personal liability for a contract upon the ground that he was acting as an agent there must be some entity for whom he was acting that is capable of being held responsible.

Where persons holding bonds and other claims against a corporation which they had deposited with a trust company, assigned and transferred the same to a committee together with all their respective rights, title and claims to the assets and estate of the corporation, and conferred upon the committee full power to deal with and dispose of the properties assigned as though absolute owners thereof, and the committee was authorized in its absolute discretion to incur such indebtedness as they may deem judicious, provided, however, that the committee shall have no power

to make the depositors individually liable for obligations incurred, etc., the agreement did not make the committee agents of the depositors with power to make agreements which would be binding on them, and the bondholders are not principals for whom the committee assumed to contract in employing a person to render services. The committee, in entering into such contract of employment, acted as principals and are personally liable for the debt incurred.

APPEAL by the defendants, Frank N. B. Close and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of March, 1918, upon the verdict of a jury, rendered by direction of the court.

*Charles J. Fay* of counsel [*Arthur R. Smiley* with him on the brief; *White & Case*, attorneys], for the appellant Frank N. B. Close.

*Charles D. M. Cole* of counsel [*Frederick R. Elsasser* with him on the brief], for the appellant Gifford.

*Edwin De T. Bechtel* of counsel [*Charles Stuart Guthrie*, attorney], for the respondent.

PAGE, J.:

At the close of the case both sides moved for a direction of a verdict in their favor.

The defendants entered into an agreement, acting as a committee of the bondholders and creditors of the Imperial Copper Company, with the Mines Management Company, employing the latter to make a preliminary examination of the properties of the copper company and report the results of such examination to the committee, accompanied by a brief statement of what further examination, together with the cost of the same, was necessary in order to provide the committee with sufficient data to enable the committee to determine upon a comprehensive plan of reorganization, for which the committee agreed to pay $100 per day. The contract is evidenced by a resolution of the committee, transmitted by the secretary, to the Mines Management Company, and by it accepted in a reply letter. The services were rendered and there is no controversy as to the amount due; the sole question litigated was that of liability, the plaintiff contending that the defend-

ants were liable personally; the defendants claiming that they were acting as agents of a disclosed principal and hence no personal liability was incurred by them. In order for persons to escape personal liability for their contracts upon the ground that they were acting as agents, there must be some entity for whom they were acting that is capable of being held responsible. In order to determine whether there was such an entity in this case, recourse must be had to the agreement, under which the defendants assumed to act as a committee. The three defendants, together with such other persons as may be added to them, called a committee, as parties of the first part, entered into an agreement with the Bankers Trust Company, called the depositary, as party of the second part, and such holders of bonds and other notes, obligations, causes of actions or claims of any nature against the Imperial Copper Company, called the depositors, parties of the third part, whereby the depositors agreed to deposit with the depositary all their bonds, notes and claims, and by the said agreement did assign, transfer and deliver the same to the committee, together with all their respective rights, titles, equity, property and claims in and to the assets and estate of the Imperial Copper Company. Each depositor conferred upon the committee full power and authority to deal with, control, manage and dispose of such bonds and claims in its discretion for the purposes set forth in the agreement as fully and to the same extent as though the absolute owners thereof. The agreement further provides: " The Committee may make or authorize such expenditures or incur or authorize to be incurred such indebtedness, obligations and liabilities as the Committee in its absolute discretion may deem judicious or proper in order to fully and effectively carry out the purposes of this agreement, and may borrow and use such sums of money on such terms and subject to such conditions as in its discretion it may deem wise and necessary to protect the interests of the Depositors, and for that purpose and to secure such sums as may be so borrowed or to secure the satisfaction or performance of any obligation incurred by it, it may pledge and hypothecate any or all of the deposited bonds or claims, evidences of indebtedness or securities; provided, however, that the Committee shall have no power to make the Depositors individually liable for any amount so borrowed or obligations

so incurred, the liability and commitment of the Depositors hereunder being expressly limited to the deposited bonds and claims.   *   *   *   No enumeration of special powers by any of the provisions of this agreement shall be construed to limit any grant of general powers contained in or conferred by any of the provisions hereof."

It is evident from the terms of this agreement that the committee were not appointed the agents of the depositors with power to make agreements that would be binding on the depositors, and hence the bondholders could not be the principals for whom the committee assumed to contract.   In fact the committee were not agents of the depositors but were the assignees of the depositors, to hold and use the bonds and claims in a fiduciary capacity with full power to appropriate the deposited bonds or claims to the payment of any obligation that the committee might incur in the management or administration of the trust, but with no power whatsoever to bind the depositor individually.   Therefore, in dealing with the plaintiff, the committee, acting as principals and not as agents, were personally liable for the debt incurred.   (*Jones* v. *Gould,* 209 N. Y. 419, overruling *Jones* v. *Gould, No. 2,* 123 App. Div. 236.)

The judgment should, therefore, be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SHEARN and MERRELL, JJ., concurred.

Judgment affirmed, with costs.