ANDREW C. BURGOYNE and Others, Trustees, etc., Plaintiffs, *v.* PROCTOR JAMES, Defendant.

Supreme Court, New York County, June 19, 1935.

*Wing & Wing* [*George S. Wing* and *James G. Purdy* of counsel], for the plaintiffs.

*James Maxwell Fassett* [*Horace W. Prunk* and *J. Clifford M. Woodbury* of counsel], for the defendant.

SHIENTAG, J. The question presented on this motion is whether a business trust, commonly known as a " Massachusetts trust," is a foreign corporation within the meaning of sections 210 and 218 of the General Corporation Law.

Section 210 (as amd. by Laws of 1935, chap. 471, § 1) provides as follows: "Authorization of foreign corporations, other than moneyed corporations, to do business within the state. A foreign corporation, other than a moneyed corporation, shall not do business in this state without having first obtained from the secretary of state a certificate of authority. To obtain such certificate, the corporation shall comply with the following conditions:

" 1. It shall present to the secretary of state a statement and designation in its corporate name, signed and acknowledged by its president, or a vice-president, or its secretary, treasurer, managing director or attorney in fact, which shall set forth the state or country of its incorporation, the place where its office within this state is to be located and if such place be in a city, the location thereof by street and number or other particular description; the business which it proposes to do within this state, and a designation of the secretary of state as its agent upon whom all process in any action or proceedings against it may be served within this state.

" 2. Annexed to such statement and designation shall be a copy of its certificate of incorporation, duly certified by the public officer having custody of the original, or, if the corporation is created by a special law and has no certificate of incorporation, a duly certified copy of such law, and, if any such copy is in a foreign language, an English translation thereof verified by oath of the translator."

Section 218 provides that " a foreign corporation, other than a moneyed corporation, doing business in this state shall not maintain any action in this state upon any contract made by it in this state, unless before the making of such contract it shall have obtained a certificate of authority. This prohibition shall also apply to any successor in title of such foreign corporation and to any person claiming under such successor of such foreign corporation or under either of them."

The plaintiffs are trustees under a Massachusetts trust and have brought suit against the defendant for breach of contract. Concededly, the trust has been doing business in this State. The contract in suit was entered into in New York. The plaintiffs failed to obtain a certificate of authority to do business in this State, and if the business trust of which they are the trustees is a " foreign corporation " within the meaning of the statutes referred to, the motion for summary judgment to dismiss the complaint must be granted.

It was held at an early date that a State had the power to exclude foreign corporations or to impose such conditions upon permitting them to do business within its limits as it might deem expedient. A corporation, it was held in a leading case, " ' must dwell in the place of its creation, and cannot migrate to another sovereignty.' The recognition of its existence even by other States, and the enforcement of its contracts made therein, depend purely upon the comity of those States — a comity which is never extended where the existence of the corporation or the exercise of its powers are prejudicial to their interests or repugnant to their policy. Having no absolute right of recognition in other States, but depending for

such recognition and the enforcement of its contracts upon their assent, it follows, as a matter of course, that such assent may be granted upon such terms and conditions as those States may think proper to impose. They may exclude the foreign corporation entirely; they may restrict its business to particular localities, or they may exact such security for the performance of its contracts with their citizens as in their judgment will best promote the public interest. The whole matter rests in their discretion." (*Paul* v. *Virginia,* 75 U. S. [8 Wall.] 168, 181, 19 L. Ed. 357.)

The only limitation on this power of the State is where the foreign corporation is in the employ of the Federal government, or where its business is strictly commerce, interstate or foreign. " The control of such commerce, being in the federal government, is not to be restricted by state authority." (*Pembina Mining Co.* v. *Pennsylvania,* 125 U. S. 181, 190; 8 S. Ct. 737, 741; 31 L. Ed. 650.) It has been held, however, that " unless prohibited by law, a foreign corporation duly organized can come into this State, and exercise the legitimate powers conferred upon it, and carry on any business not prohibited by our laws or against public policy." (*Dunbarton Flax Spinning Co.* v. *Greenwich & J. Railway Co.,* 87 App. Div. 21, 25.)

Section 218 of the General Corporation Law, above quoted, is a rigorous statute, if, indeed, it is not penal in character. It should, therefore, not receive a construction beyond the plain intendment of its language. (See *Ozark Cooperage Co.* v. *Quaker City Cooperage Co.,* 112 App. Div. 62, 64.)

A Massachusetts trust is neither in fact nor in law a corporation. True, it has many of the attributes of a corporation. Nevertheless, in Massachusetts, as well as in this State, a business trust is held to exist by virtue of the common law rather than as the creature of statute. A so-called Massachusetts trust is not formed under the laws of that State relating to the organization of corporations. It is not governed by the statutes of that State regulating corporations; it owes its existence to the will of its organizers as expressed in the declaration of trust. In Massachusetts, an association such as we are here considering is not a corporation, although by statute in that State it may be treated as such for certain specified purposes. The Court of Appeals of this State has fully recognized the status of a business trust as reflected in the decisions of the Massachusetts courts. (*Jones* v. *Gould,* 209 N. Y. 419; *Byrnes* v. *Chase Nat. Bank,* 225 App. Div. 102; affd., 251 N. Y. 551; *Williams* v. *Inhabitants of Milton,* 215 Mass. 1; 102 N. E. 355; *Crehan* v. *Megargel,* 234 N. Y. 67.)

In *Brown* v. *Bedell* (263 N. Y. 177, 186) it was said: " The business trust as a device whereby to gain substantially all the advantages of incorporation and to escape the disadvantages of legislative regulation has not gained favor in all jurisdictions. It is, however, sustained by the great weight of authority. (Warren, ' Corporate Advantages without Incorporation,' p. 383; Stevens, ' Limited Liability in Business Trusts,' 7 Cornell Law Quarterly, 116; *Darling* v. *Buddy*, 318 Mo. 784; 1 S. W. [2d] 163; 58 A. L. R. 493.")

It is true that the court said in that case that under a true business trust, " the trust becomes a *quasi* corporation, separate and distinct from its members," and that the certificate holders have " a status like that of shareholders in a corporation." (263 N. Y. 177, at p. 187.) Implicit in the entire opinion, however, is the recognition that a so-called business trust is distinctive in character, and that while it possesses many of the attributes of a corporation it is not a corporation either in fact or in law.

For some time there was considerable doubt as to whether or not a State had the power to deal with so-called business trusts seeking to do business within its borders in the same way as it could with respect to foreign corporations. Thus, in his treatise on the Law of Corporations, Cook cites a report of the Commissioner of Corporations, under date of June 17, 1912, to the effect that the chief advantage of business trusts is " that they escape some of the exactions from corporations in the way of penal statutes, unnecessary reports * * * restrictions on foreign corporations doing business in a state, and various other statutes evolved from the legislative mind." (3 Cook Corp. [8th ed.] 2243, 2246.) Cook concludes that, although there has been great difficulty in determining the exact status of a Massachusetts trust, " it certainly is not a corporation " (p. 2249). In 1923 the same author wrote: " One decided advantage a Massachusetts trust certainly has over corporations, namely, that while a state may exclude a non-resident corporation from doing business in the state unless that business is interstate commerce, yet under Article IV, § 2, par. 1, of the Constitution, that ' the citizens of each State shall be entitled to all privileges and immunities of citizens in the several States,' a state cannot exclude a non-resident trustee from doing business in the state, nor impose on him burdens not imposed on similar resident trustees. How far this applies to trustees of associations remains to be seen." (Cook, The Mysterious Massachusetts Trust, 9 A. B. A. J. 763, 767.)

As late as 1927, it was said by an eminent writer that " An undoubted advantage enjoyed by the Massachusetts Trust is its right to do business in other states without being subjected to the

restrictions placed upon foreign corporations * * *. They have this right under the privileges and immunities clause of the federal Constitution." (8 Thomp. Corp. [3d ed. 1927] § 6744.) (See, also, 41 Harvard Law Review, 86.)

Sections 210 and 218 of the General Corporation Law of our State were derived from section 15 of chapter 687 of the Laws of 1892. It was not until 1928 that the power of a State to exclude or impose conditions upon the doing of business within its limits by a business trust was squarely presented to the Supreme Court of the United States. That court upheld the right of the State to exclude a Massachusetts or common-law trust, or to impose conditions upon permitting it to do business, in precisely the same manner and to the same extent that it could in dealing with foreign corporations. The court held that such business trusts were not protected by the so-called privileges and immunities clause of the Federal Constitution. (*Hemphill* v. *Orloff*, 238 Mich. 508; 213 N. W. 867; 277 U. S. 537; 48 S. Ct. 577; 72 L. Ed. 978.)

The intent to deal with a business trust in the same way as with a foreign corporation must, however, be clearly manifested in the statute. It is most significant that when it was desired to include business trusts in the category of corporations, it was so specifically stated in the organic law of the State or in the statute itself.

In section 3 of article 8 of the State Constitution it is provided: " The term corporations as used in this article shall be construed to include all associations and joint-stock companies having any of the powers or privileges of corporations not possessed by individuals or partnerships."

Section 374 of the General Business Law, entitled " Corporations prohibited from interposing defense of usury," provides: " The term corporation, as used in this section, shall be construed to include all associations, and joint-stock companies having any of the powers and privileges of corporations not possessed by individuals or partnerships."

Originally section 208 of the Tax Law (Laws of 1917, chap. 726) contained the following definition: " As used in this article: 1. The term ' corporation ' includes a joint-stock company or association."

Chapter 376 of the Laws of 1922, entitled " An Act to amend the tax law, in relation to defining the word ' corporation,' " changed the definition to read as follows: " The term ' corporation ' includes a joint-stock company or association and any business conducted by a trustee or trustees wherein interest or ownership is evidenced by certificate or other written instrument."

Section 181 of the Tax Law, entitled " License tax on foreign corporations," by its terms originally applied to every foreign corporation.   By chapter 375 of the Laws of 1922 this section was amended so as to read: " As used in this section, the term ' corporation ' includes a joint-stock company or association and any business conducted by a trustee or trustees wherein interest or ownership is evidenced by certificate or other written instrument."

Section 352-a of the General Business Law, commonly known as the Martin Act, is entitled " Foreign corporation to make designation."   The section specifically includes " a foreign corporation, association, common law trust or similar organization."

It is apparent, therefore, that where the Legislature has desired to have business trusts treated in the same way as corporations, it has expressly said so in the various statutes to which reference has been made.   The failure so to provide in sections 210 and 218 of the General Corporation Law, although the former section was amended as recently as the last session of the Legislature, is a fair indication that it was not intended that a Massachusetts trust should come within the purview of those sections.   Indeed, a reading of those sections as a whole leads to the conclusion that they were intended to cover organizations which are the creatures of statutory law " from which they derive their powers and are qualified to carry on their operations."   (*Eliot* v. *Freeman*, 220 U. S. 178, 186; 31 S. Ct. 360, 361; 55 L. Ed. 424.)

If the Legislature desires to have a Massachusetts trust, a common-law trust, or a similar organization come within the sections dealing with the right of a foreign corporation to do business in this State, a simple amendment can effectuate this without any difficulty. The Legislature has the power to act, if it chooses so to do.   Until it does so act, however, there should not be read into the statute language which is not there.

I am not unmindful of a decision of my learned colleague, Mr. Justice COTILLO, holding that a suit may be instituted in this State against a foreign business trust as if it were a corporation (*Textile Properties, Inc.*, v. *Whittall Associates, Ltd.*, 157 Misc. 108).   (See, also, comment thereon in 34 Columbia Law Review, 1555.)   That case, however, is not decisive of the question here involved.

The motion for summary judgment dismissing the complaint is denied, with ten dollars costs.