KRESBERG v. INTERNATIONAL
PAPER CO.

No. 271.

Circuit Court of Appeals, Second Circuit.

June 11, 1945.

Joseph Nemerov, of New York City (Edward A. Rothenberg, Aaron Schwartz, Herman Lurie, and Isidore Siegeltuch, all of New York City, of counsel), for plaintiff-appellant.

Davis, Polk, Wardwell, Sunderland & Kiendl, of New York City (Ralph M. Carson and Francis W. Phillips, both of New York City, of counsel), for defendant-appellee.

Before SWAN, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The appeal is by the plaintiff from an order dismissing her complaint in a suit she brought in the District Court for the Southern District of New York to recover from the defendant the principal and interest due on five one thousand dollar six per cent debenture bonds issued by the International Hydro-Electric System. The suit was brought in behalf of herself and of others similarly situated, Rule 23(a) (3), Federal Rules of Civil Procedure, 28 U.S. C.A. following Section 723c, to enforce the liability of the defendant as the successor by merger of another corporation and a voluntary association which the plaintiff claims are liable on the debentures of Hydro-Electric System, on the theory that the latter was but the instrumentality of the former in issuing those debentures. As nothing now turns upon the facts on which such liability is based they will not be recited.

The complaint was dismissed because the court held that the debentures sued upon were not issued by a corporation within the meaning of § 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1). Whether or not they were so issued is the sole question on this appeal.

For present purposes the following pertinent facts have been established. The plaintiff is a citizen of Florida and the defendant is a corporation organized and existing under the laws of New York. It maintains an office in that state within the .

Southern District. The debentures upon which the plaintiff has sued are bearer instruments which she owns and holds, not as the original owner and holder but as an assignee. No diversity of citizenship between the original holder and assignor of her debentures and the defendant has been shown.

The International Hydro-Electric System is a Massachusetts trust not chartered as a corporation but created and existing pursuant to a common law declaration of trust dated March 25, 1929, under which it possesses many of the rights, powers, attributes and characteristics of a corporation. In addition to having an artificial name, by-laws, and a seal, it has an elected board of directors (except that the first board was designated by the trustees by vote of the shareholders). This board has and exercises broad powers much like those of the board of directors of a corporation. The System has shareholders who own the beneficial interest in the trust estate represented by shares of different classes, each having different rights, privileges, and preferences in respect to dividends and to payment in distribution upon dissolution and liquidation. Neither the trustees, the directors nor the shareholders have any personal liability, and dividends are declared on the shares by the board of directors as dividends are declared on corporate stock. Some of the shares carry voting rights, and certain actions can be taken only after a prescribed number of shares have so voted. An office must be maintained by the trust for the transfer of its shares, annual meetings of shareholders are held and the trust does not cease to exist upon the death of any trustee, director, or shareholder. It has filed a copy of the declaration of trust with the Massachusetts commissioner of corporations. It may sue and be sued in its own name and its property is subject to attachment and execution. It has been financed by the sale of its shares and debentures to the purchasing public through underwriters and its board of directors issues an annual report similar to that customarily issued by a corporate board of directors.

Decision turns upon whether the voluntary association just described falls within the phrase "any corporation" as used in the above mentioned statute, of which the pertinent part is now quoted: "No district court shall have cognizance of any suit * * * to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

If to be a quasi-corporation is enough to bring this Massachusetts trust within the words "any corporation" in the statute the problem on this appeal is not very difficult, for we think the term "quasi-corporation" is broad enough to include Hydro System. Malley v. Howard, 1 Cir., 281 F. 363. See also, Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842. The real problem is to determine whether the statute is to be construed as if Congress had used the words "any corporation or quasi-corporation."

There is much force in the argument that an association like Hydro System which issues securities in much the same way as corporations do should be held to be a corporation in suits on those securities which are widely purchased and sold like corporate securities. And there is some support for the position that an association like a Massachusetts trust is to be generally considered a corporation. State Street Trust Co. v. Hall, 311 Mass. 299, 41 N.E. 2d 30. It is to be so considered in special instances, of course, as for the purpose of applying a statute which defines "corporation" to include an association. Hecht v. Malley, 265 U.S. 144, 44 S.Ct. 462, 68 L. Ed. 949; Burk-Waggoner Oil Association v. Hopkins, 269 U.S. 110, 46 S.Ct. 48, 70 L.Ed. 183. See also, Morrissey v. Commissioner of Internal Revenue, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263. As was explained in Hemphill v. Orloff, 277 U.S. 537, 48 S.Ct. 577, 72 L.Ed. 978, where it was held that a Massachusetts trust was lawfully required to fulfill the same conditions precedent to carrying on business in Michigan that foreign corporations had to meet, what a business entity is called is not decisive in determining what control may be exercised by a state over its activities. Its real nature may be considered, and if it have and exercise the ordinary powers and attributes of a corporation it may be subjected to similar treatment. There was no doubt as to the intent of the Michigan legislature to include associations within the term "corporations" as used in the statute.

Sec. 9071 of Michigan Compiled Laws, 1915, made that intent plain enough.

But cases like the above are not very helpful though they show special instances wherein Massachusetts trusts have been treated as though they were corporations. For other cases where such trusts have neither been so treated nor been called corporations see Coolidge v. Old Colony Trust Co., 259 Mass. 515, 156 N.E. 701; Larson v. Sylvester, 282 Mass. 352, 185 N.E. 44, and Peterson v. Hopson, 306 Mass. 597, 29 N.E.2d 140, 132 A.L.R. 1. They do not certainly mark the way to decision on a question of federal jurisdiction, for how such an association as Hydro System has been dealt with under state law is not decisive. Chicot County v. Sherwood, 148 U.S. 529, 13 S.Ct. 695, 37 L.Ed. 546. The issue now presented is not whether such an association as Hydro System may be subjected to state control or taxation as a corporation where it engages in business activities. It is the wholly different one of the jurisdiction of a federal court over the subject matter of a particular action, and effect must be given to the well established rule that federal jurisdiction is not to be extended beyond the scope permitted by a strict construction of the statute upon which it rests. Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47; Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951. That much is required by a "due regard for the rightful independence of state governments." Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248. We recognized this in Central Mexico Light & Power Co. v. Munch, 2 Cir., 116 F.2d 85, and pointed out in Zalkind v. Scheinman, 2 Cir., 139 F.2d 895, 903 that "we cannot shut our eyes to recent decisions [of the Supreme Court] manifesting a marked disposition not to enlarge but to reduce federal jurisdiction even where considerable inconvenience to one of the parties may result." In the construction of this type of statute we are confronted with the antithesis of the situation which obtained in such cases as Johnson v. United States, 1 Cir., 163 F. 30, 18 L.R.A.,N.S., 1194, and Keifer & Keifer v. Reconstruction Finance Corporation, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784.

Because the amendment to the Judiciary Act in 1887, 24 Stat. 552, which put the words "any corporation" into this statute for the first time was made after the decision in Liverpool and London Life & Fire Insurance Co. v. Commonwealth of Massachusetts, 10 Wall. 566, 576, 19 L.Ed. 1029, it is argued that the phrase "any corporation" should be construed to include a voluntary business association. It was there held that a business association operating "in a manner which requires corporate powers under legislative sanction" in a jurisdiction foreign to the one from which it derived those powers could be taxed as a corporation in such foreign jurisdiction, and the court said, "We have no hesitation in holding that, as the law of corporations is understood in this country, the association is a corporation * * *." But this language was directed to the issue presented and decided in that case and cannot be taken to mean that "any corporation" includes an incorporated association generally. Where Congress has meant to enlarge the statutory meaning of "corporation" beyond its ordinary meaning it has done so by express definition as in the Bankruptcy Act, 11 U.S.C.A. § 1(8); the Federal Trade Commission Act, 15 U.S.C.A. § 44; the Internal Revenue Code, § 3797(3), 26 U.S.C.A. Int.Rev.Code, § 3797(3); and the Federal Power Act, 16 U.S.C.A. § 796(3).

If and when Congress desires to have the term "any corporation" in the Judicial Code include an association like the Massachusetts trust in this case, a simple amendment is all that will be required. Meanwhile it is not for us to undertake to enlarge by construction an exception in a statute restricting federal jurisdiction. Compare, Burgoyne v. James, 156 Misc. 859, 282 N.Y.S. 18, affirmed 246 App.Div. 605, 284 N.Y.S. 977. Though we think it doubtful that the use of "any" instead of "a" before "corporation" may be taken as indicative of anything, its presence may perhaps be adequately explained on the theory that Congress meant to include what are commonly known as public corporations as well as private corporations. It has been held that they are included. Scott County, Ark. v. Advance-Rumley Thresher Co., 8 Cir., 288 F. 739, 36 A.L.R. 937; Bloomfield Village Drain District v. Keefe, 6 Cir., 119 F.2d 157. Yet this statute was enacted to limit federal jurisdiction, Wilson v. Knox County, C.C., 43 F. 481, and should be strictly construed to accomplish that end.

Affirmed.