**WE TRY HARDER, Plaintiff,**

v.

**UNITED PRESS INTERNATIONAL SERVICES CO. INC. and Focus Communications, Inc., Defendants.**

**No. CV 85–1828.**

United States District Court,
E.D. New York.

Sept. 3, 1985.

Herbert Epstein, Franklin Square, N.Y., for plaintiff.

Kissam & Halpin, New York City, for defendants.

WEXLER, District Judge.

We Try Harder, Inc. commences this action against United Press International Service Company, Inc. ("UPI") for failure to pay sums due and owing on the lease of thirty-two automobiles. Plaintiff also sues Focus Communications, Inc. ("Focus") as UPI's guarantor on the lease agreement, as Focus has refused plaintiff's demand to

pay on UPI's default. Plaintiff grounds subject matter jurisdiction in this Court on diversity of citizenship. 28 U.S.C. § 1332. According to the Complaint, plaintiff is a Delaware corporation with its principal place of business in Garden City, New York. Defendant UPI is also a Delaware corporation with its principal place of business in Dallas, Texas. Defendant Focus is an Illinois corporation with its principal place of business in Brentwood, Tennessee.

Neither defendant has answered the Complaint. Instead, defendant Focus has suggested by letter that diversity of citizenship is incomplete and the action should be dismissed for lack of subject matter jurisdiction. Rule 12(h)(3), Fed.R.Civ.P. Plaintiff opposes and asks for default judgment.

The federal district courts are courts of limited jurisdiction. *Chicot County District v. Baxter State Bank*, 308 U.S. 371, 376, 60 S.Ct. 317, 319, 84 L.Ed. 329, *reh'g denied*, 309 U.S. 695, 60 S.Ct. 581, 84 L.Ed. 1035 (1940). They have only that subject matter jurisdiction bestowed by Article III § 2 of the Constitution and by Congress. Moreover, the jurisdictional grants must be strictly construed. *Kresburg v. International Paper Co.*, 149 F.2d 911, 913 (2d Cir.), *cert. denied*, 326 U.S. 764, 66 S.Ct. 146, 90 L.Ed. 460 (1945).

Congress has granted the federal district courts jurisdiction over civil controversies between citizens of different states, involving sums in excess of $10,000.00. 28 U.S.C. § 1332(a)(1). Congress has further provided that for purposes of diversity jurisdiction a corporation is a citizen of its state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). Thus a corporation can have dual state citizenship. 1A Moore's Federal Practice ¶ 0.161 [3.–1] at 284–85 (2d ed. 1985).

Application of the law to the facts of this case is straightforward. Both plaintiff and defendant UPI are Delaware corporations. Therefore, diversity is not complete and this Court lacks subject matter jurisdiction.

Plaintiff's reading of the law is incorrect. It is not enough that there is some diversity of citizenship among plaintiff and defendants. Rather, plaintiff must have no state citizenship in common with any defendant. Moreover, the Court has no discretion in the matter, and, unlike personal jurisdiction, the parties cannot waive the issue. *Mansfield, Coldwater & Lake Michigan Rwy. v. Swann*, 111 U.S. 379, 381–82, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1883); *Popple v. United States*, 416 F.Supp. 1227, 1228 (W.D.N.Y.1976).

Finally, plaintiff's counsel's complaints about defendants' delays and failure to answer is irrelevant. Without subject matter jurisdiction this Court has no power to order any sort of relief, but is compelled to dismiss.

The Court concludes that diversity of citizenship is absent. Accordingly, the action is dismissed for lack of subject matter jurisdiction. Rule 12(h)(3), Fed.R.Civ.P.

The Clerk of the Court is ordered to enter judgment dismissing the action without prejudice. The parties bear their own costs.

SO ORDERED.